LOUIS CURTIS, BENJAMIN CURTIS, JOHN L. HUBBARD, JAMES D. B. CURTIS, AND HENRY A. BOORAINE, PLAINTIFFS IN ERROR, v. MADAME THERESE PETITPAIN, WIFE OF VICTOR FESTE, AND MANDERVILLE MARIGNY, LATE UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF LOUISIANA.

Where the record contains only an agreed statement of facts, it is not in conformity with the eleventh and thirty-first rules of this court, and the case will be dismissed.
Where different parties claimed a fund in the hands of the marshal, which had arisen from sales under an execution, a judgment of the circuit court on rules as to whom the money should be paid, is not such a judgment as can be reëxamined in this court.

THIS case was brought up by writ of error from the circuit court of the United States for the eastern district of Louisiana. It is stated in the opinion of the court.

It was argued by *Mr. Taylor*, for the plaintiffs in error, and *Mr. Benjamin*, for the defendants.

The point of practice, upon which the case went off, was raised by *Mr. Benjamin*, who contended that the transcript was not such a complete record as was required by the 11th and 31st rules of court.

The points made relating to the merits of the cause are omitted.

Mr. Justice CAMPBELL delivered the opinion of the court.

The record certified in this cause consists of "an agreed state-

ment of facts," which the parties submitted to the court on the rules taken by the plaintiffs against the defendants, and the judgment rendered thereon, and a judgment rendered on a motion for a new trial, being the proceedings after the submission of the case.

The case stated is, that the plaintiffs recovered a judgment against Victor Feste in the circuit court of the United States. That an execution issued thereon, and a seizure was made of immovable as well as movable property; which was sold, and the proceeds held by the marshal.

While these proceedings were pending, Madame Feste recovered, in one of the state courts, a decree against her husband, Victor Feste, for the separation of property and the amount of dowry brought in marriage; and thereupon served a notice upon the marshal, claiming to have satisfaction of her legal mortgage, in preference to the execution creditor, from the moneys in his hands, and obtained a rule from the court requiring him to answer her claim. The plaintiffs, upon their part, (as the case states,) also obtained a rule, to enforce the payment of the money to them on their execution. To settle these conflicting claims was the object of the agreed case thus submitted to the court.

Two questions arise *in limine*, either of which is, in our opinion, decisive of this cause: 1st. That this is not such a transcript as will satisfy the 11th and 31st rules of this court, under the decision of Keene *v.* Whittaker, 13 Pet. 459; and, 2d, that this is not such a judgment as this court can reëxamine, according to the principle of Bayard *v.* Lombard, 9 How. 530. And we agree with the defendants upon both these questions.

The cause is dismissed with costs.