## KERR *v.* CLAMPITT.

1. This court has no jurisdiction to revise the action of an inferior court upon the question of either granting or refusing a new trial, and the final judgment of such court cannot be examined through its rulings upon that question. If, when the final judgment is brought here for review by writ of error, no other documents are presented for consideration than such as were before the inferior court upon the application for a new trial, this court cannot look into them; and, if error is not otherwise disclosed by the record, the judgment will be affirmed.

2. This court must have before it a bill of exceptions, or what is equivalent thereto, upon which the final judgment of the court below was reviewed, or it will not examine into any alleged errors, except such as are otherwise apparent on the face of the record.

ERROR to the Supreme Court of the Territory of Utah.

The record in this case shows that several issues of fact regularly made up were tried by a jury in the third judicial district court of the Territory of Utah, that a verdict was returned in favor of the defendants in error for $3,583, and a judgment rendered thereon, Nov. 11, 1874; but it does not show that any exceptions were taken to the rulings of the court, either admitting or rejecting evidence, or to instructions given or to those refused, nor does it contain any thing purporting to be a bill of exceptions.

It shows, however, that a motion for a new trial was made on that day, and that a " statement or motion for a new trial " was also filed on the 20th of March, 1875. At the foot of the statement is the following agreement, signed by attorneys for both parties: " It is hereby agreed that the foregoing shall constitute the statement on motion for a new trial in the above-entitled cause, and is correct." Indorsed on the statement is the following: " Settled statement on new trial, filed March 20, 1875."

This statement purports to give certain rulings of the court upon the admission and rejection of evidence and upon instructions to the jury given and refused, and exceptions which, it is said, were taken; but, by express agreement of the parties by their attorneys, the use of the statement is limited to the hearing of the motion for a new trial.

The record also shows that defendants below gave notice of

an appeal to the Supreme Court of the Territory from the judgment entered on the verdict, as well as from that of the 1st of May, 1875, overruling the motion for new trial; and the bond recites an appeal from both judgments.

Mr. *Samuel Shellabarger* and Mr. *Jeremiah M. Wilson* for the plaintiff in error.

Mr. *S. S. Henkle, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

By the system of procedure in civil cases adopted in Utah, an appeal lies to its Supreme Court from an order of its District Courts granting or refusing a new trial, as well as from a final judgment. The statute enumerates the grounds upon which the verdict of a jury, or the finding of a court or a referee, may be set aside, and a new trial had upon the application of the party aggrieved, and provides the mode in which such grounds shall be presented to the court. If the new trial be asked for irregularity in the proceedings of the court, jury, or adverse party, or for abuse of discretion by which either party was prevented from having a fair trial, or for misconduct of the jury, or accident or surprise which ordinary prudence could not have guarded against, or for newly discovered evidence, the application must be made upon affidavits. If the new trial be asked for excessive damages, or insufficiency of the evidence to justify the verdict or other decision, or that it is against law, or for errors occurring at the trial, the application must be made upon a statement of the case, setting forth so much of the proceedings had, evidence given or offered, and rulings of the court, as will distinctly present the grounds urged in its support. But whether the application be made upon affidavits, or a statement thus prepared, the rulings thereon, whether of the District Court originally, or of the Supreme Court of the Territory on appeal, are not subject to review by this tribunal. We have no jurisdiction to revise the action of an inferior court upon the question of granting or refusing a new trial, however meritorious the grounds presented for its consideration or erroneous its decision. The final judgment cannot be examined through the rulings of the lower court upon that question. If, therefore, when the final judgment is brought before

us for review by writ of error, no other documents are presented for our consideration than such as were before the inferior court upon the application for a new trial, we cannot look into them ; and, if error is not otherwise disclosed by the record, the judgment must be affirmed. And such is the condition of the case at bar. No question was before the District Court or the Supreme Court of the Territory, except such as arose on the application for a new trial.

The statute of Utah also provides the mode in which the final judgments of its district courts may be reviewed. It requires a statement of the errors alleged upon which the appellant relies, with so much of the evidence as may be necessary to explain them. Compiled Laws of Utah of 1876, sects. 1413, 1550, and 1555. This statement is only another name for a bill of exceptions, and is subject to similar rules. It will often embody substantially the same matters which are presented on a motion for a new trial, and it is not uncommon for counsel to stipulate that the statement on the motion shall be treated as a statement or bill of exceptions on appeal from the judgment. But, unless it is so stipulated, the statement intended for the motion cannot be used on appeal from the judgment, or considered here. We must have before us a bill of exceptions, or what is equivalent to such bill, upon which the final judgment below was reviewed by the Supreme Court of the Territory, or we cannot examine into any alleged errors except such as are otherwise apparent on the face of the record. The statement in the present case not being one into which we can look, there is no error presented upon which we can pass. *Sparrow* v. *Strong*, 4 Wall. 584; *Casgrave* v. *Howland*, 24 Cal. 457; *Carpenter* v. *Williamson*, 25 id. 154.

*Judgment affirmed.*