## SOUTHWESTERN VIRGINIA IMP. CO. v. FRARI.

(Circuit Court of Appeals, Fourth Circuit. October 4, 1893.)

### No. 29.

1. APPEAL—REVIEW—INSTRUCTIONS—BILL OF EXCEPTIONS.
   Under rules 10, 11, and 24 of the circuit court of appeals for the fourth circuit, (47 Fed. Rep. vi., xi.,) that court will not consider a bill of exceptions to instructions given or refused, unless it contains the evidence on which the question of law raised by the instructions arose. It is not enough that the testimony be found in another part of the record.

2. SAME—REVIEWABLE ORDERS—DENIAL OF MOTION FOR NEW TRIAL.
   According to the practice of the federal courts, the ruling of a trial court on a motion for a new trial is not reviewable in the appellate court.

In Error to the Circuit Court of the United States for the Western District of Virginia.

At Law. Action by Nicola Frari against the Southwest Virginia Improvement Company to recover damages for personal injuries. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

A. J. May, for plaintiff in error.

Daniel Trigg, for defendant in error.

Before FULLER, Circuit Justice, GOFF, Circuit Judge, and HUGHES, District Judge.

GOFF, Circuit Judge. This action of trespass on the case was brought in the circuit court of the United States for the western district of Virginia by Nicola Frari against the Southwest Virginia Improvement Company to recover damages for injuries received by

the plaintiff while he was in the employment of the defendant; the claim being made that, because of the carelessness of a superintendent of defendant, the plaintiff was injured. The case was tried by a jury, and a verdict returned for $1,000 damages for plaintiff, on which judgment was duly rendered. The defendant brings the case here on writ of error from this court. A number of the assignments of error, as found in the record, have been abandoned, while the others refer to, and depend upon, the bills of exceptions— three in number—taken at the instance of the defendant below. The first exception is to the action of the court in giving instructions to the jury at the request of counsel for the plaintiff, over the objection of counsel for defendant; the second is to the refusal of the court to give instructions asked for by counsel for defendant; and the third alleges error in the refusal of the court to set aside the verdict, and grant a new trial.

No part of the evidence considered by the jury was certified in either one of the bills of exceptions; and therefore we cannot pass on the questions of law raised by the instructions given and refused, as there is nothing before us showing that they have any relation to the issue that was submitted to the jury. In the preparation of the bills of exceptions and the assignments of error, there was an utter disregard of the rules of this court, and of the practice, in cases of this character, as established by the decisions of the supreme court of the United States. The rules and practice so instituted have been frequently announced, and the reasons for the enforcement of the same so often given, that we do not deem it necessary to again set forth the one, or explain the other. See rules 10, 11, and 24 of this court; also Insurance Co. v. Raddin, 120 U. S. 183, 7 Sup. Ct. Rep. 500; Mining Syndicate & Co. v. Fraser, 130 U. S. 611, 9 Sup. Ct. Rep. 665; Block v. Darling, 140 U. S. 234, 11 Sup. Ct. Rep. 832; Deitsch v. Wiggins, 15 Wall. 539; Van Gunden v. Iron Co., (4th Circuit,) 8 U. S. App. 229, 3 C. C. A. 294, 52 Fed. Rep. 840.

We find in exception No. 3 the following:

"And the court certifies that the following evidence (here insert same) is the evidence, all the evidence, and the only evidence introduced by the plaintiff and by the defendant on the trial of this cause."

But the evidence here alluded to was not inserted either in said bill of exceptions, or in any of the others signed by the judge presiding at the trial; and we cannot consider the "testimony" found in another part of the record as "the evidence," or "all the evidence," referred to in the exception mentioned. The exceptions should show all the testimony relied on to make the propositions of law included in the instructions asked for applicable to the case before the jury. Jones v. Buckell, 104 U. S. 554. Chief Justice Waite, in delivering the opinion of the court just cited, said:

"As long ago as Dunlop v. Munroe, 7 Cranch, 242, 270, it was said by this court that each bill of exceptions must be considered as presenting a distinct and substantial case, and it is on the evidence stated, in itself alone, that the court is to decide."

In Reed v. Gardner, 17 Wall. 409, Mr. Justice Hunt said:

"It has been frequently held by this court that, in passing upon the questions presented in a bill of exceptions, it will not look beyond the bill itself. The pleadings and the statements of the bill, the verdict, and the judgment are the only matters that are properly before the court. Depositions, exhibits, or certificates not contained in the bill cannot be considered by the court."

See the cases of Norris v. Jackson, 9 Wall. 125; Lincoln v. Claflin, 7 Wall. 136; Leftwitch v. Le Canu, 4 Wall. 187; Russell v. Ely, 2 Black, 580.

If the evidence pertinent to the instructions given and refused had been properly certified in either of the bills of exceptions, then the court, in passing on the questions raised in one, might be warranted in referring to such evidence so appearing in the other; but, as no such record was made, there is absolutely no evidence that this court can consider. Where the bills of exceptions contain simply the instructions given and refused, the appellate court will not reverse the judgment. Worthington v. Mason, 101 U. S. 149; Jones v. Buckell, supra.

The assignment of error founded on the refusal of the court to set aside the verdict of the jury and grant a new trial is not well taken. The ruling of the court below on a motion for a new trial is not reviewable in the appellate court. Pomeroy's Lessee v. Bank, 1 Wall. 592; Laber v. Cooper, 7 Wall. 565; Insurance Co. v. Barton, 13 Wall. 603; Kerr v. Clampitt, 95 U. S. 188; Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. Rep. 8; Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. Rep. 36; Ayers v. Watson, 137 U. S. 584, 11 Sup. Ct. Rep. 201; Henderson v. Moore, 5 Cranch, 11; Railway Co. v. Heck, 102 U. S. 120.

The judgment of the circuit court is affirmed.