CHADWICK v. GULF STATES LAND & IMPROVEMENT CO.[1]

(Circuit Court of Appeals, Fifth Circuit. February 17, 1896.)

No. 405.

1. DEEDS—ACKNOWLEDGMENT AND RECORDING—LOUISIANA STATUTES.

The Louisiana statute makes it a misdemeanor for recorders, sheriffs, notaries, etc., to convey real estate by public act, or to take any acknowledgment to any act of conveyance under private signature, unless taxes thereon, of all descriptions, have been paid. Act No. 85 of 1888, §§ 73, 74. Civ. Code La. art. 12, declares that "whatever is done in contravention of a prohibitory law is void, although the nullity' is not formally declared." *Held*, that the acknowledgment before a notary of an act under private signature, for the conveyance of lands on which taxes had not been paid, and the registration thereof, were void, and that the act itself had no more validity than if no acknowledgment had been taken, and, consequently, that it was not admissible as evidence of title.

2. SAME.

Civ. Code La. art. 2442, provides that the sale of any immovables made under private signature shall have effect against the "creditors of the parties and against third parties in general" only from the day such sale "was registered according to law, and the actual delivery of the thing sold took place." *Held*, that one in possession under a tax title was a "third party," against whom an act of sale, under private signature, of the regular title, acknowledged and registered contrary to law, and unaccompanied by a delivery of possession, was of no effect.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was a petitory action brought by F. H. Chadwick against the Gulf States Land & Improvement Company to recover lands and the rents thereon. The circuit court rendered judgment for defendant, and the plaintiff brings error.

Geo. L. Bright, for plaintiff in error.

E. Howard McCaleb, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

BOARMAN, District Judge. This is a petitory action brought in the circuit court for the Eastern district of Louisiana for the recovery of possession and ownership of certain lands, worth $2,-100, and for rents thereon, and for writs of sequestration. Defendant, setting up title and possession in itself, denies all the allegations of plaintiff's petition, and, further answering, alleges that it is the true and lawful owner of the property described in plaintiff's petition; that it acquired said property from Domingo Negrotto, Jr., on the 10th of May, 1890, by an act of sale passed before M. T. Ducros, notary public, of the parish of Orleans, duly registered, etc.; that defendant has been in possession of said property for more than two years prior to this suit; that Domingo Negrotto, defendant's vendor, acquired said property on the 27th of July, 1889, at a state tax sale duly and lawfully made, and registered in

[1] Rehearing denied April 21, 1896.

the conveyance office in the parish of Orleans.     Plaintiff, in support of his title to said land, offered and tendered in evidence a certain act of sale, under private signature, made to him by Mrs. Elizabeth Thompson, widow of W. S. Gilman, on the 3d day of November, 1891, which said act was acknowledged before a notary public in and for the parish of Orleans, and registered in the conveyance office for said parish on the 11th of November, 1891.     On the offering of the said private act of sale, counsel for defendant objected to its introduction:

First. Because it was made and executed in violation of a prohibitory or penal law of the state, as follows: "Hereafter neither recorders, sheriffs, notaries throughout the state, nor other persons authorized to convey real estate by public act, shall pass or execute any act, or take any acknowledgment to any act under private signature for the sale, transfer, donation, partition, exchange or other conveyance of real estate, unless the state, levee, district, parish and municipal taxes due on the same prior to the act be first paid, to be shown by the receipt or certificate of the officer having charge of the collection of said taxes or by the certificate of the said officer, city comptroller or other officer having the charge of keeping the accounts of any municipal corporation or parish of this state.     Said certificate to be annexed to such act and be conclusive evidence of the payment of all taxes therein certified to be paid and shall exonerate the notary, sheriff or recorder from all responsibility whatever.     That any notary public or recorder violating this act shall be guilty of a misdemeanor and the act offered in evidence shall be prima facie evidence of guilt."     See Act No. 85 of 1888, §§ 73, 74.

Second. "Because said pretended deed, or act under private signature, is not evidence against defendant in this case, who is a third person, because no actual delivery of the thing sold has been proved as required by article 2442, Civ. Code."

The court below sustained the objection to the admissibility of the said act of sale as evidence against defendant in this suit on the first of said grounds of objection, and plaintiff below prosecutes this writ of error.     Appellant's assignments of error are based on his said bill of exceptions, and they are to the effect that the lower court erred in sustaining the objection, and in excluding from the evidence the said act of sale under private signature.     It appears that the petitioner is the vendee of Mrs. Thompson, and whatever title he may have comes from the act of sale made to him by his said vendor under private signature, and that this suit is brought by plaintiff against the defendant, whose vendor does not appear to have been in the line of the authors of the title from whom, directly or remotely, plaintiff derives his title; that plaintiff, in the maintenance of his action, relies on the said act of sale under private signature to show title in himself against the defendant, who, it is conceded in plaintiff's petition, was in possession of the land in question at the time that plaintiff acquired his title from Mrs. Thompson.     The pleadings show that when plaintiff became the beneficiary of the act of sale under private signature, dated November 3, 1891, defendant was in possession, adversely to plaintiff, of the land in question, under a title from its vendor, Domingo Negrotto, Jr., evidenced by act of sale, duly authenticated and registered, dated May, 1890.     It appears that a few days after Chadwick had purchased said land under said act

of sale under private signature, November 3, 1891, that he, not being in possession of the land, sought to have his said act of sale duly authenticated, registered, etc., under the provisions of the Civil Code. The statutory law which we have quoted supra directs its prohibition and penalties against the officers named therein. It does not prohibit the parties to a transaction to sell or buy under an act of sale under private signature; nor does it purport a penalty against them for having such an act acknowledged before the notary; nor does it purport to invalidate such an act, or to diminish such legal value thereof as may have been given to such act of sale under the law. But it prohibits any of the named officials to take the acknowledgments of the parties to such act of sale unless all the taxes, etc., due prior thereto on the property described in the sale have been paid, etc. Civ. Code, art. 12, provides that "whatever is done in contravention of a prohibitory law is void although the nullity is not formally declared." Reading these two provisions of the law together, it seems clear that plaintiff's act of sale under private signature, notwithstanding he may have caused the acknowledgment of the parties thereto to be taken before a notary public, and that he subsequently had it registered under the forms of law provided in the article of the Civil Code, is not possessed of the legal efficacy and value with which the law would clothe such an act acknowledged and registered under the provisions of the said act of 1888, supra. Under our view of the law applicable to the undisputed facts, the act offered by plaintiff, by which he seeks to prove title in himself against the defendant, was worth neither more nor less than it would have been if the parties thereto had not had the notary to take their acknowledgments, etc. Whatever was officially done by the notary in taking the acknowledgments of the parties to that act was done by the said notary in contravention of a prohibitory law, and his official act, being stricken with nullity, can add nothing to the legal effect which said act of sale possessed before the notary took the acknowledgment of the parties thereto, etc. So that the circuit court, in passing on the admissibility of plaintiff's evidence to show title in himself against defendant, could not have treated the act of sale offered by plaintiff as possessing any legal value, as proof of title in plaintiff against the defendant, beyond that which it possessed in law before the notary, in contravention of a prohibitory law, took the said acknowledgments. Succession of Girardey, 42 La. Ann. 499, 7 South. 673; Martinez v. Tax Collectors, 42 La. Ann. 677, 7 South. 796; Bank of U. S. v. Owens, 2 Pet. 527; Harris v. Runnels, 12 How. 83; Watts v. Brooks, 3 Ves. 612. We do not see how it can be successfully contended that plaintiff, when he offered his said act, was not endeavoring thereby to prove title in himself against third parties. Defendant, so far as the pleadings show, is a third party, and is in possession of the land claimed by plaintiff. Article 2442, Civ. Code, provides:

"The sale of any immovables made under private signature shall have effect against the creditors of the parties and against third parties in general

only from the day such sale was registered according to law and the actual delivery of the thing sold took place."

It follows from what we have said on the first ground of defendant's objections that the plaintiff's act was not "registered according to law," and that the act of the officials before and by whom it was acknowledged and recorded, being in fraud of the law, was without any legal effect. But of that matter we have said enough. The plaintiff's petition shows that defendant was in possession of the said land when the plaintiff's title accrued to him, when the suit was brought, and when, on the trial of the pending case, he offered his said act of sale to prove title in himself against a third person. It may be that under his pleadings he would have been forbidden to offer any evidence to show possession in himself. Considering the evidence offered by plaintiff to show title in himself against defendant was based only on an act of sale under private signature, it is clear, before such evidence could be received, that it was incumbent on him to show a compliance with such prerequisites as are recited in the articles just quoted, and that until he had shown that the sale to himself was duly registered according to law, and the actual possession or delivery to him of the thing sold, the court below was right in sustaining the defendant's objections to the admissibility of said evidence. Stevens v. Wellington, 1 La. Ann. 72; Lindeman v. Theobalds, 2 La. Ann. 912; Dyke v. Dyer, 14 La. Ann. 702. Therefore it is ordered that the judgment of the circuit court be affirmed.