SCAIFE v. WESTERN NORTH CAROLINA LAND CO. et al.

SAME v. PURNELL.

(Circuit Court of Appeals, Fourth Circuit. May 3, 1898.)

No. 259.

1. BILL OF EXCEPTIONS—MANDAMUS TO COMPEL SETTLEMENT.

A bill of exceptions was presented to the circuit judge within the time limited, which he refused to sign for the reason that part of the exceptions did not fairly state what occurred at the trial; but neither he nor the opposing counsel suggested in what manner the bill might be amended so as to be acceptable. *Held*, that mandamus should be allowed requiring him to settle the bill according to the facts as he should find them.

2. SAME—PRACTICE.

Rules stated governing the preparation, settlement, and signing of bills of exception.

Petition for Writ of Mandamus to Settle Bill of Exceptions.

M. Silver and J. H. Merrimon, for petitioner.

C. A. Moore, for respondent.

Heard before GOFF and SIMONTON, Circuit Judges, and JACKSON, District Judge. Subsequently further argument was heard before SIMONTON, Circuit Judge, and JACKSON and PAUL, District Judges.

SIMONTON, Circuit Judge. The case of Scaife against the Western North Carolina Land Company et al. was tried at Asheville before the Honorable Thomas R. Purnell, who was holding the circuit court for the Western district of North Carolina. The jury, after

the charge was delivered by the trial judge, and after consideration of the case, found the issues in favor of the defendant. The plaintiff, desiring to sue out a writ of error to this court, having taken exceptions during the trial of the cause, prepared a bill of exceptions. For this purpose time was given to his counsel by the courtesy of the court. At the time fixed for settling the bill, for some reason that could not be done, and still further time was allowed by order of the court; the plaintiff, at the same time, being instructed to serve a copy of his proposed bill of exceptions on the opposite party. The matter finally came up before the learned judge at Raleigh. It seems that the plaintiff, in serving a copy of his bill of exceptions upon the counsel for the adverse party, had omitted to serve with it one or more copies of exhibits used at the trial. This does not affect our conclusion. When counsel appeared before the judge, he gave a protracted hearing. Examining the bill of exceptions, he was of the opinion that, although some of the exceptions were properly stated, the large majority of them did not state fairly and truthfully what occurred at the trial. He therefore refused to sign the bill, but, as far as we can see, did not indicate or direct or make any suggestion or amendment or form in which the exceptions could be made acceptable to him. The counsel for defendant were present, making objections to the bill; and the plaintiff's counsel, seemingly at a loss what to do, did not press, or amend, or reform the same, but came to this court praying a mandamus to the judge to settle the bill of exceptions. A rule was thereupon issued, to which his honor, Judge Purnell, has made return. Counsel for plaintiff and defendant were heard upon the petition and the return, none of the affidavits offered having been read.

It is very clear that this court has no right to require the trial judge in this case to sign the bill of exceptions prepared for and presented to him by the counsel for the plaintiff. The duty of the judge is to settle the bill of exceptions according to what he thinks the truth of the case, the points to which exception were taken, the facts in the testimony bearing upon these points, and the manner in which they are stated, so that the appellate tribunal can see clearly in what respect error is charged. It appears, however, that there were among the exceptions some which his honor, the trial judge, felt that he could sign; and that with regard to the others he expressed his disapprobation of them, but did not indicate, either in voice or in writing, how they could be made acceptable or amended, so as to appear in proper form.

The right of seeking a review of causes heard at nisi prius is valuable. Some judges speak of it as a constitutional right. It is important both to the suitor and the court. The judge, being without bias, having in view only the attainment of justice, gladly seeks the assistance of his brethren, and values their opinion in reaching that end. An appeal from his ruling, and the submission of it to an appellate court, is not an act of hostility to him. If he entertains no doubt as to the correctness of his ruling, still, if desired by counsel, he should aid them in presenting it for the judgment of the court above. If he recognizes that there may be reasonable doubt with

regard to it, he welcomes its review. It is important also that every facility, with proper limitations, be given to the exercise of the right of appeal. Courts depend for their influence—perhaps for their existence—upon the confidence of the community in which they administer the law. This confidence depends upon the conviction that not only will causes be heard without fear, favor, or passion, but also upon the certainty that, if any errors have been committed in the pleadings, or have occurred during the progress of the trial, an opportunity to examine into and correct the same will not only be given, but generously aided. We are of the opinion, therefore, that the trial judge should settle a bill—some bill of exceptions—containing at least the parts of the bill as presented to him to which he does not object, and such other portions as amended as he shall direct counsel to alter or correct in order to conform to the facts.

Perhaps there is no practice in which the bar have so little experience as in the preparation and settling of bills of exception. The text-books are either silent or obscure upon the subject, and the decided cases give only general rules as to what constitute proper subjects of exception, and none as to the form and preparation of bills of exception. We therefore embrace this opportunity of stating some of the rules governing exceptions, and also the rule to be observed in all cases in the preparation and presentation of bills of exception when resort to an appellate tribunal is intended. An exception must show that it was taken and reserved at the trial, and this must appear affirmatively on the record. But it may be drawn out in form, and signed or sealed afterwards by the judge. U. S. v. Carey, 110 U. S. 51, 3 Sup. Ct. 424. Each bill of exception must be considered as presenting a substantial case, and it is the evidence stated in it alone on which the court will decide. Jones v. Buckell, 104 U. S. 554. The bill of exceptions must be prepared and settled during the term at which the case was tried, unless there be an express order made by the judge during the term, extending the time beyond the term, or full consent of parties, express, or implied from stringent circumstances. Muller v. Ehlers, 91 U. S. 251; U. S. v. Breitling, 20 How. 253; U. S. v. Jones, 149 U. S. 262, 13 Sup. Ct. 840; Railroad Co. v. McGee, 8 U. S. App. 86, 2 C. C. A. 81, and 50 Fed. 906; Lumber Co. v. Chapman, 20 C. C. A. 503, 74 Fed. 444. A bill of exceptions ought to be upon some point of law, either in admitting or denying evidence, or a challenge on some matter of law arising on facts not denied, in which either party is overruled by the court. Ex parte Crain, 5 Pet. 190. It should contain only the rulings of the court upon matters of law, with so much of the testimony as may be necessary to explain the bearing of the rulings upon the issues involved. Duncan v. The Francis Wright, 105 U. S. 381; Improvement Co. v. Frari, 8 U. S. App. 444, 7 C. C. A. 149, and 58 Fed. 171. Every bill of exceptions should point out distinctly the errors of which complaint is made. It ought also to show the grounds relied upon to sustain the objection presented, so that it may appear that the court below was informed as to the point to be decided. Duncan v. The Francis Wright, supra. It should not contain all the evidence (Hickman v. Jones, 9 Wall. 197), even if counsel consent to it (Gra-

ham v. Bayne, 18 How. 60), nor set forth the charge of the court below in full,—only those parts to which exceptions are taken (U. S. v. Rindskopf, 105 U. S. 418). The parties can try their case upon an agreed statement of facts (Graham v. Bayne, 18 How. 60), which must be signed by counsel, and made a part of record (Burr v. Railroad Co., 1 Wall. 99), and submitted to the court below for its judgment (Curtis v. Petitpain, 18 How. 109), before it can be carried by exception to the appellate court (Kearney v. Case, 12 Wall. 275). An exception to a prayer for instructions, which are presented as a whole, will not avail if one of the instructions prayed for is erroneous. U. S. v. Hough, 103 U. S. 71; Thom v. Pittard, 8 U. S. App. 597, 10 C. C. A. 352, and 62 Fed. 232. All the alleged errors on a trial may be incorporated into one bill of exceptions (Lees v. U. S., 150 U. S. 476, 14 Sup. Ct. 163), and signed and sealed at the close (Pomeroy v. Bank, 1 Wall. 592). The seal of the judge need not be attached to his signature. 17 Stat. 197; Stanton v. Embrey, 93 U. S. 555. The judge must sign his name, and cannot use his initials merely. Origet v. U. S., 125 U. S. 240, 8 Sup. Ct. 846. No bill of exceptions is necessary when the error alleged is apparent on the record. Suydam v. Williamson, 20 How. 428; Young v. Martin, 8 Wall. 354. Exceptions will not lie to the granting or refusal of a new trial (Railroad Co. v. Winter, 143 U. S. 75, 12 Sup. Ct. 356; Railway Co. v. Dick, 8 U. S. App. 102, 3 C. C. A. 149, and 52 Fed. 379), nor to the granting of a new trial nisi (Railroad Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590).

The formal bill of exceptions will be drawn up, amended, and settled under the following regulations: The bill of exceptions shall be prepared, and a copy thereof served upon the opposite party. The opposite party may, within 10 days after the date of such service, propose amendments to the bill, and shall serve a copy thereof upon the party who prepared it. If the party cannot agree in regard to the amendments, either party may give to the other notice to appear within a convenient time, and not more than 10 days after the service of such notice, before the judge who heard the cause, to have the bill and the amendments settled. The judge shall thereupon correct and finally settle the same in such manner as to truthfully set forth the facts, indicating himself what must be omitted or changed, and instructing counsel then and there to make the omission, amendment, or change which he may find to be proper. If the parties shall omit, within the several times above mentioned,—unless the same be enlarged by the judge,—the one to propose amendments, and the other to notify an appearance before the judge, they shall respectively be deemed, the former to have agreed to the bill as prepared, the latter to have agreed to the amendments as proposed, and, if the party omit to make a bill within the time above limited, unless the same be enlarged as aforesaid, he shall be deemed to have waived his right thereto. In the case before us the writ will issue, commanding the judge to settle a bill of exceptions according to the facts as they took place before him on the trial of this action, as he may find them, and when so settled to sign it. They will be treated as settled on 12th of January, 1898.