NEWPORT NEWS & OLD POINT RY. & ELECTRIC CO. v. YOUNT.

(Circuit Court of Appeals, Fourth Circuit.  February 21, 1905.)

No. 563.

1. ERROR—REVIEW OF INSTRUCTIONS—SUFFICIENCY OF BILL OF EXCEPTIONS.
    Assignments of error based on the giving and refusal of instructions cannot be considered by the Circuit Court of Appeals, unless the bills of exceptions contain the evidence pertinent to the issues to which the instructions relate, as required by the rules of the court.

2. SAME—MATTERS REVIEWABLE—ORDER DENYING NEW TRIAL.
    The refusal of the court to set aside a verdict and grant a new trial is not reviewable in the federal courts.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

R. T. Thorp (S. Gordon Cumming, on the brief), for plaintiff in error.

Robert H. Talley (Miller & Coleman, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD, District Judge.

PRITCHARD, Circuit Judge.  Defendant in error, on September 16, 1903, was a passenger on one of the open cars of the Newport News & Old Point Railway Company, which was propelled by electricity.  While he was standing on what is commonly known as the "running board" of the car, he was struck by a pole which had been erected by the Hampton Telephone Company, alongside the road or right of way of the Newport News & Old Point Railway & Electric Company, by reason of which defendant in error instituted an action in the Circuit Court of the United States for the Eastern District of Virginia, alleging he was injured by the negligence of the plaintiff in error.  A verdict and judgment was rendered for the defendant in error in the court below, from which judgment the plaintiff in error sued out this writ of error.

The assignments of error in the record relate to the refusal of the court to give 11 instructions requested by the plaintiff in error and to certain portions of the charge of the court to the jury.  The bill of exceptions certifies the charge of the court to the jury, and also the instructions which were requested by the plaintiff in error and refused by the court.  It does not contain nor certify any part of the evidence taken at the trial.  The record discloses the fact that the bills of exceptions in this case were not prepared in accordance with the rules of this court.  It has been uniformly held that bills of exceptions in

cases like the one now under consideration should not only contain the instructions which were refused and that portion of the charge to which exception is taken, but the evidence relating to the question sought to be raised in each bill of exceptions should be incorporated as a part thereof. Unless this requirement should be strictly complied with, it would be impossible for us to intelligently consider objections which might be raised to the charge of the court below or to its refusal to give instructions submitted by plaintiff in error.

In the case of Reed v. Gardner, 17 Wall. 411, 21 L. Ed. 665, Justice Hunt, in delivering the opinion of the court, said:

"It has been frequently held by this court that, in passing upon the questions presented in a bill of exceptions, it will not look beyond the bill itself. The pleadings and the statements of the bill, the verdict, and the judgment, are the only matters that are properly before the court. Depositions, exhibits, or certificates, not contained in the bill, cannot be considered by the court. * * *"

The rule is admirably stated by Judge Goff, in an opinion of this court in the case of S. W. Va. Imp. Co. v. Frari, 58 Fed. 172, 7 C. C. A. 149, in which, among other things, it is said:

"No part of the evidence considered by the jury was certified in either one of the bills of exceptions, and therefore we cannot pass on the questions of law raised by the instructions given and refused, as there is nothing before us showing that they have any relation to the issue that was submitted to the jury. In the preparation of the bills of exceptions and the assignments of error there was an utter disregard of the rules of this court, and of the practice in cases of this character as established by the decisions of the Supreme Court of the United States. The rules and practice so instituted have been frequently announced, and the reason for the enforcement of the same so often given, that we do not deem it necessary to again set forth the one or explain the other." Insurance Co. v. Raddin, 120.U. S. 183, 7 Sup. Ct. 500, 30 L. Ed. 644; Mining Syndicate Co. v. Frazier, 130 U. S. 611, 9 Sup. Ct. 665, 32 L. Ed. 1031; Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476.

It is contended by the plaintiff in error that the evidence bearing on the different questions raised by the several bills of exceptions appears elsewhere in the transcript of the record. To print the evidence relating to the points sought to be raised by the bills of exceptions is not a substantial compliance with the rules of the court, which require that such evidence be incorporated as a part of each bill of exceptions. An assignment of error based on the refusal of the court to set aside a verdict of the jury and grant a new trial is not reviewable. S. W. Va. Imp. Co. v. Frari, 58 Fed. 172, 7 C. C. A. 149; Insurance Co. v. Barton, 13 Wall. 603, 20 L. Ed. 708; Kerr v. Clampitt, 95 U. S. 188, 24 L. Ed. 493; Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585; Ayers v. Watson, 137 U. S. 584, 11 Sup. Ct. 201, 34 L. Ed. 803; Railway Company v. Heck, 102 U. S. 120, 26 L. Ed. 58.

For the reasons stated, the judgment of the Circuit Court is affirmed.