## CHESAPEAKE & O. RY. CO. v. DANDRIDGE.

(Circuit Court of Appeals, Fourth Circuit. June 9, 1909.)

No. 759.

1. RAILROADS (§ 344*)—CROSSING ACCIDENTS—DECLARATION—NEGLIGENCE.

A declaration for injuries at a railroad crossing, charging that defendant negligently, by and through its agents and employés, operated and managed one of its locomotive engines, so that it ran into a vehicle driven by plaintiff at a crossing, etc., causing the injury complained of, was not demurrable under the West Virginia practice for failure to particularize in what the negligence consisted.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1107; Dec. Dig. § 344.*]

2. APPEAL AND ERROR (§ 1078*)—ASSIGNMENTS OF ERROR—REVIEW—WAIVER.

An assignment of error, abandoned in argument, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

3. RAILROADS (§ 347*)—CROSSING—ACCIDENT—ABSENCE OF SAFEGUARDS—EVIDENCE.

In an action for injuries at a railroad crossing, evidence of the absence of a gateman or electric bells at the crossing was not objectionable, because neither were required by statute, since ordinary prudence might have required them in the absence of statutory requirement.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1131; Dec. Dig. § 347.*

Duty to give warning signals at crossing, see note to Chesapeake & O. Ry. Co. v. Steele, 29 C. C. A. 90.]

4. APPEAL AND ERROR (§ 215*)—OBJECTIONS NOT MADE AT TRIAL.

Objections to the court's charge cannot be first made on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1309; Dec. Dig. § 215;* Trial, Cent. Dig. §§ 683–685.]

5. APPEAL AND ERROR (§ 977*)—DISCRETION—NEW TRIAL—VACATION—VERDICT.

A refusal to set aside a jury's verdict and grant a new trial is discretionary, and not reviewable on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3864; Dec. Dig. § 977.*]

In Error to the Circuit Court of the United States for the Southern District of West Virginia, at Huntington.

F. B. Enslow, for plaintiff in error.

Edmund R. French (James M. Ellis, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BRAWLEY and WADDILL, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. This suit was instituted in the Circuit Court of Fayette county, W. Va., for the recovery of damages alleged to have been sustained by the plaintiff while passing with his team and loaded wagon upon the tracks of the defendant company at a crossing over a public highway. The case was, by proper proceedings, removed to the federal court and after the overruling of a demurrer to the declaration interposed by the defendant company, tried upon its merits, resulting in a verdict and judgment in favor of the plaintiff for $500, from which judgment this writ of error was sued out.

The assignments of error relate to the rulings of the court passing upon the demurrer, the admission and rejection of testimony during the trial, the court's charge to the jury as to the law of the case, its failure to instruct a verdict for the defendant, and in not setting aside the verdict of the jury and granting a new trial as prayed for by the defendant company.

The objection to the declaration is that it failed to set forth the plaintiff's case with sufficient particularity to enable the defendant to meet the same, the averment being in effect that at a point about 300 yards from Thurmond station, where the tracks of the defendant company cross a public highway extensively traveled by, the people of the county and the public generally, on the day and year aforesaid—

"the defendant so negligently and carelessly, by and through its agents and employés, operated and managed one of its locomotive engines, then and there being, that same, because thereof, ran into and against a vehicle owned and being at the time driven by the plaintiff upon and over said public road, at the point where the defendant's road crosses same as aforesaid, and thereby and because of said negligence of defendant as aforesaid, a collision occurred between said locomotive engine and said vehicle plaintiff was so driving as aforesaid, and the plaintiff was because thereof thrown from such vehicle to and upon the ground with such force and violence, and the team plaintiff was driving to said vehicle was knocked down by such collision and cut, bruised, and otherwise generally injured, and said vehicle he was riding upon was severely wrenched and broken, all in consequence of said careless and negligent act of the agents and employés of the defendant as aforesaid which culminated in said collision."

Perhaps it would have been better pleading, and at least fairer to the defendant, to have stated more specifically in what the negligence complained of consisted. Still it cannot be said that the declaration under the West Virginia practice, by which the same should be tested in a law case removed from a court of that state to the federal court, is not sufficient. J. W. Bishop Co. v. Shelhorse, 111 Fed. 643–646, 72 C. C. A. 337.

The declaration, charging that the defendant negligently and carelessly, by and through its agents and employés, operated and managed one of its locomotive engines that the same ran into a vehicle driven by the plaintiff on one of the state's highways at a place crossed by the defendant railway company, causing the injury complained of, was not, because of the failure to go more into detail in showing the particulars of the negligence in a removed case as aforesaid, subject to demurrer, and the same was properly overruled. Snyder v. Wheeling Elec. Co., 43 W. Va., 661, 662, 28 S. E. 733,

39 L. R. A. 499, 64 Am. St. Rep. 922; Hogg's Pleading & Forms, §§ 139, 140, 141.

The second, third, and fourth assignments of error relate to the court's admission and rejection of testimony pending in the trial. The fourth assignment was abandoned in argument, and the third and second may be said to be without merit. In the ruling complained of by the second assignment, the trial court did not hold that the defendant, under the circumstances mentioned, might not have made the inquiry as to whether the plaintiff was not unconscious as the result of the injury sustained, but that the defendant's counsel could not ask the question, implying that he had admitted the existence of such condition, when he had not in fact done so.

The third assignment presents the question of error in the trial court's allowing plaintiff to testify to the absence of a gateman or electric bells at the crossing, because neither were required by statute. Manifestly the nonexistence of such a statute did not forbid the asking of the question and the answer to the same, as common prudence on the part of the company might have required such safeguards in the absence of statutory regulations. Grand Trunk Ry. v. Ives, 144 U. S. 419, 420, 421, 12 Sup. Ct. 679, 36 L. Ed. 485.

The remaining assignments of error should all be overruled— the one as to failure to take the case from the jury and instruct a verdict for the defendant, because no such motion was submitted to the court, and, if made, it should have been overruled and not granted upon the state of the testimony before the court; those pertaining to the court's charge to the jury, if for no other reason, because the same was not objected to during the trial, and exceptions thereto cannot, for the first time, be made in this court; and the assignments as to the failure to set aside the jury's verdict and grant a new trial, because the court's action was of a discretionary character and not a subject for review by this court on a writ of error. Southwestern Virginia Imp. Co. v. Frari, 58 Fed. 171, 7 C. C. A. 149, Goff, J.; Edge Moor Bridge Works v. Fields, 58 Fed. 173, 7 C. C. A. 152, Fuller, J.; Graves v. Sanders, 125 Fed. 690, 60 C. C. A. 422.

The decision of the lower court is in all respects free from error, and the same will be affirmed, with costs to the appellee.

Affirmed.