## William Berger v. Alanson Spalding.

A new trial will not be granted on the ground of newly discovered evidence, when the party applying for it fails to show in his affidavit that he had used due diligence to procure or discover the evidence. Where no bill of exceptions has been taken to the ruling of the Judge in refusing to grant a continuance, the Supreme Court will not notice such refusal.

APPEAL from the District Court of the Parish of Vermillion, *Voorhies*, J. *William Berger*, *in pro. per.* *E. Simon, Jr.*, and *A. L. Tucker*, for defendant and appellant.

Merrick, C. J. The plaintiff sued the defendant for $630, alleged to be due him as wages as a clerk, and for money lent. The defendant claimed three hundred dollars in reconvention. The cause was tried by a jury, who found a verdict in favor of the defendant for twenty-six dollars, on which judgment was rendered, and plaintiff appeals.

The plaintiff states thirteen grounds on which he expects a reversal of the judgment of the lower court. The grounds which plaintiff numbers from five to thirteen inclusive, relate to the supposed error of the Judge *a quo* in refusing a continuance and also refusing a new trial on the ground of newly discovered testimony. The plaintiff can derive no advantage from the decision of the Judge on these two questions, inasmuch as he has failed to show in his affidavits that he had used due diligence to procure or discover the testimony, and moreover took no bill of exception to the ruling of the Judge upon the question of continuance.

The second, third and fourth grounds urged by appellant are disposed of by the single remark, that the record does not show that plaintiff objected to a trial by jury, and there is no sufficient proof in the record of the misconduct of the jury after they were empannelled.

The remaining ground to be considered is the first, wherein it is alleged that the verdict is against the law and the evidence. We must decide the case upon the evidence adduced. The suspicion that the plaintiff who undertook to manage his own case, might have presented a stronger case had it been confided to a member of the bar conversant with judicial proceedings, cannot supply the proof which is wanting, and we must pass upon the case as we find it, whatever hardship it may occasion the plaintiff. We cannot yield to his inexperience or rashness that which would not be yielded in another case to any other suitor. The plaintiff has not only interrogated the defendant on facts and articles, but he appears to have him placed on the stand as a witness. This testimony must be considered, and giving effect to the same in connection with the other testimony in the record, it fully sustains the verdict of the jury.

There is no ground on which to amend the judgment in favor of the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.