HEWES (UNITED STATES v.). See Case No. 15,359.

———

## Case No. 6,441.

### HEWETT v. NORTON.

[1 Woods, 68;[1] 13 N. B. R. 276; 1 N. Y. Wkly. Dig. 535.]

Circuit Court, W. D. Louisiana. Nov. Term, 1870.

BANKRUPTCY — PRIOR SUIT IN STATE COURT — ABATEMENT—POWER OVER PROPERTY IN HANDS OF ASSIGNEE.

1. A suit commenced in a state court before bankruptcy, in which the title to the property surrendered by the bankrupt is in controversy, will not be abated by the bankrupt proceedings.

2. A state court cannot, by its process, take property surrendered by a bankrupt, from the possession of the assignee in bankruptcy.
[Cited in Hudson v. Schwab, Case No. 6,835; Adams v. Crittenden, 17 Fed. 45.]

This is a petition addressed to the supervisory jurisdiction of the circuit court, under section 2 of the bankrupt act [of 1867 (14 Stat. 517)], to review an order of the district court sitting in bankruptcy.

Edward Phillips, for petitioner.
R. H. Marr, for defendant.

WOODS, Circuit Judge. Zebulon York and Elias J. Hoover were, by the last will of

———

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Jacob Hoover, dated Jan. 28, 1859, made his executors and universal legatees. Jacob Hoover died on the 27th day of August, 1859, in the parish of Concordia, in the state of Louisiana, and said York and Hoover by virtue of said will, took possession of his estate, both real and personal, claiming title thereto under the will. On the 13th of December, 1859, the heirs of Jacob Hoover, deceased, filed in the district court of Concordia parish, their petition against York and Hoover, alleging that said paper writing purporting to be the last will of Jacob Hoover, was not his last will, praying that the same and the probate thereof might be set aside and avoided, and for an account, and pending this suit, to wit, in March, 1869, York and Hoover filed their petition in bankruptcy, in the United States district court of Louisiana, were adjudged bankrupts and surrendered to E. E. Norton, their assignee, certain plantations and other property which they claimed under the will of Jacob Hoover. On or about the 13th of October, 1869, the petitioners in said action to set aside the will of Jacob Hoover filed an amended petition, in which they set out new grounds for avoiding the will of Jacob Hoover, and prayed that a writ of sequestration might issue to the coroner of Concordia parish, directing him to take possession of said property so surrendered by York and Hoover to Norton, their assignee. The district court of Concordia parish, on a hearing of this amended petition at chambers, on the 5th of November, 1869, ordered the writ of sequestration to issue as prayed for. On the 13th of June, 1870, Norton, as assignee of York and Hoover, applied by petition to the U. S. district court, for an order enjoining and restraining the petitioners in the suit pending in the district court of Concordia parish, from any further proceedings therein. Such an order was made by the U. S. district court, sitting in bankruptcy, and it is to review and reverse such order that this petition is addressed to the circuit court.

The case presents two questions:

1. Whether the suit in the Concordia district court to try the title to the property surrendered by York and Hoover, by an attack on the will of Jacob Hoover, ought to be allowed to proceed; and 2. Whether that court ought to be allowed, by a writ of sequestration pending the trial of the title to the property, to take the property out of the possession of the assignee in bankruptcy.

Of these in their order. I think the first question is settled by the 25th and 14th sections of the bankrupt act. The 25th section provides, that whenever it shall appear to the satisfaction of the court that the title to any portion of an estate, real or personal, which has come into the possession of an assignee is in dispute, the court may order it to be sold under the direction of the assignee, who shall hold the funds received in the place of the estate disposed of. And the proceeds of the sale shall be considered the measure of the value of the property in any suit or controversy between the parties in any court, but this provision shall not prevent the recovery of the property from the possession of the assignee by any proper action commenced at any time before the court orders a sale. It seems clear from these provisions that it is not the purpose of the bankrupt act to abate suits commenced before bankruptcy, in which the title to the property surrendered by the bankrupt is in litigation. This view is strengthened by the provisions of the 14th section, to the effect that the assignee may prosecute and defend all suits at law or in equity pending at the time of the adjudication of bankruptcy in which the bankrupt is a party in his own name, in the same manner and with the like effect as they might have been prosecuted or defended by such bankrupt. The provisions of this section include suits and actions pending in the state courts and are addressed to the courts in which such suits or actions are pending, quite as much as to the federal courts. The state courts having jurisdiction of the parties and subject-matter, must determine the questions as they arise, according to law, subject to the final judgment of the proper appellate tribunal. In re Clark [Case No. 2,798]; Samson v. Burton [Id. 12,285].

I am unable to arrive at the conclusion, as I must do if I affirm the order of the district court, that upon the filing of a petition in bankruptcy, all suits pending in the state courts in which the bankrupt is a party abate, and that new actions must be brought in the bankrupt court, either by or against the assignee. I am of opinion, therefore, that the injunction allowed by the district court, so far as it operated to restrain the parties from proceedings in this suit in the district court of Concordia parish, to try the title to the property surrendered by York and Hoover, was improvidently granted.

Upon the second question raised by the petition of review, I am quite as clear that the action of the district court in restraining the parties from proceeding to take the property out of the possession of the assignee in bankruptcy, by a writ of sequestration issued from the state courts, was right and ought to be affirmed. When York and Hoover filed their petition in bankruptcy, they had the apparent legal title to the property in controversy, and were in possession. They surrendered the title to the property and the possession to their assignee. As soon as a petition in bankruptcy is filed, the property of the insolvent is thereby brought eo instanti into the bankrupt court and placed in its custody, and no other court and no person acting under any process from any other court can, without the permission of the bankrupt court, interfere with it, and to so interfere is a contempt of the bankrupt court. See Bump, Bankr. (Ed. 1871) p. 245, and numerous cases there cited. In order to recover property from the possession of the assignee

in any court, it must be by proper action commenced before the bankrupt court orders a sale of the property. Bankr. Act, § 25. The proceeding to sequester the property surrendered by York and Hoover, was not commenced until the 13th day of October, 1869, long after the bankrupt court had ordered a sale, and the property had been put up to sale and bid off. Even if such proceedings could be permitted to a state court, they came too late.

In accordance with these views, it is decreed that so much of the decree of the district court as authorizes the injunction to restrain the petitioners from proceeding in the action in the state court be set aside, and so much as authorizes an injunction restraining the petitioners from proceeding under the writ of sequestration be affirmed. And it is ordered that the injunction be modified accordingly.

[See Cases Nos. 18,138 and 18,139.]