## J. B. McFARLAN CARRIAGE CO. et al. v. SOLANAS et al.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1901.)

No. 937.

**1. BANKRUPTCY—ACTIONS AGAINST TRUSTEE—JURISDICTION.**

Plaintiffs brought an action in the circuit court against the trustee of a bankrupt to recover property of which plaintiffs claimed to be owners, but which had been taken possession of by defendant as assets of the bankrupt's estate. A judgment was rendered in favor of plaintiffs, declaring them to be the owners of the property sued for, and the property then remaining in the hands of defendant was surrendered to plaintiffs thereunder. Pending the action, however, defendant had sold certain of the property and received the proceeds, with plaintiffs' consent; such proceeds to stand, by agreement, in place of the property sold. These proceeds defendant failed to pay over, and on motion of plaintiffs a rule to show cause why he should not pay over the same was issued against him. To such rule defendant answered, setting up on behalf of the estate certain claims for insurance, rent, and taxes against the property. On the hearing the rule was dismissed, the court remitting plaintiffs to the court of bankruptcy for the protection of their rights. *Held*, that such action was error; that the defenses attempted to be urged against the rule by defendant might and should have been pleaded in the main action, and were concluded by the judgment therein; that the money in the hands of defendant, having been received as trustee for the successful party in the suit, and not as trustee for the bankrupt, on the rendition of the judgment in such suit became as absolutely the property of plaintiff as the property undisposed of, and, it having been conclusively determined that the property was not assets of the bankrupt's estate, the enforcement by the court of such judgment was not an interference with the jurisdiction of the court of bankruptcy in the administration of the estate.

**2. SAME.**

It is not clear that, under the general jurisdiction in law and equity conferred by Bankr. Act 1898 upon the district court for the purpose of aiding it as a court of bankruptcy in the administration of bankrupt estates, it can entertain an action by an adverse claimant against a trustee to recover property of which the plaintiff claims to be the owner, but which the trustee has taken possession of as assets of the bankrupt's estate; but, in any event, such jurisdiction only exists by the voluntary consent of the claimant, and he cannot be constrained to go into such court by the orders or action, or refusal to act, of a circuit court which, by reason of the amount involved and the citizenship of the parties, has jurisdiction.

**3. SAME—ENFORCEMENT OF JUDGMENT AGAINST TRUSTEE—EXCLUSIVE JURISDICTION OF BANKRUPTCY COURT.**

Where, in an action in a circuit court against the trustee of a bankrupt in his official capacity, a judgment has been rendered against the trustee, the plaintiff should be required to apply to the bankruptcy court, which has exclusive possession of and jurisdiction to administer the estate, and of which defendant is an officer, for all orders relating to the satisfaction or payment of such judgment. Per Shelby, Circuit Judge, dissenting.

**4. SAME.**

Where, after a judgment in a circuit court in an action against a trustee in bankruptcy finding that plaintiff is the owner of certain property which was in the possession of the bankrupt, and was taken by defendant as part of his estate, the question arises as to the liability of such property under a state statute for a proportionate part of the rent of the premises on which it was kept by the bankrupt, or for taxes assessed against the bankrupt thereon, such questions should be remitted

106 F.—10

to the court of bankruptcy for determination, as the only court in which they can properly be adjudicated. Per Shelby, Circuit Judge, dissenting.

5. APPEAL—REVIEW—INSUFFICIENCY OF RECORD.

The judgment of a circuit court rendered on a motion in an action at law cannot be reviewed when the record fails to show any objection or exception thereto, and contains no bill of exceptions to bring before the appellate court either the motion or the evidence upon which the judgment was based. Per Shelby, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

J. B. McFarlan, Sr., J. B. McFarlan, Jr., Charles E. J. McFarlan, William W. McFarlan, and James E. McFarlan, constituting a commercial firm or partnership under the name of J. B. McFarlan Carriage Company, the plaintiffs in error, are all citizens of the state of Indiana. Edward C. Fenner, a citizen of Louisiana, and resident of the city of New Orleans, in the Eastern district thereof, who was lately adjudged a bankrupt under the act of congress approved July 1, 1898, in a court of bankruptcy for the Eastern district of Louisiana, and Claude H. Solanas, also a citizen of Louisiana, and resident of the district, who was duly elected as trustee of the bankrupt's estate, are the defendants in error. Edward C. Fenner had been engaged in business as a merchant in the city of New Orleans, and had from time to time received goods from the plaintiffs in error under contracts continued in force, in words and figures substantially as follows:

"April 9th, 1898.

"Terms: We agree to pay for each job at invoice price, in cash, less 5 per cent. discount, as soon as sold, if sold prior to August 1st, 1899; to keep all goods fully insured for the benefit of J. B. McFarlan Carriage Co., as their interest may appear, and to render to said company a statement on the first day of each month of all goods remaining on hand and unsold; and on August 1st, 1899, to buy and pay in cash for all goods remaining on hand and unsold, at invoice price, less 5 per cent. discount. This agreement is made a part of, and subject to the conditions of, an order of even date herewith given to said J. B. McFarlan Carriage Co.

"[Signed]                          J. B. McFarlan Carriage Co.,
                                        "By O. R. Crutchin."

At the date of the adjudication in bankruptcy and of the appointment of the trustee a considerable portion of the goods last furnished by the plaintiffs in error to Fenner remained in his possession, unsold, and were surrendered to the trustee as assets of the bankrupt's estate. The plaintiffs in error made amicable demand of the trustee to have the same delivered to them, which being refused, they brought their action in the circuit court on July 5, 1899, against the defendants in error; and after stating their case they prayed that, after due proceedings, they be declared to be the owners of the property set forth in Exhibit X annexed to their petition, and that it be decreed that the same be surrendered and delivered to them, with costs. Exhibit X attached to their petition shows 37 specified articles, being surreys, phaetons and buggies, alleged to be of the aggregate value of $3,947.50. On November 17, 1899, the trustee answered to the effect that the contract by which the bankrupt acquired the merchandise sold by the plaintiffs to him, and surrendered by him in the bankruptcy proceedings, was an absolute contract of sale, by which the title passed from the plaintiffs to Fenner, and on the appointment of a trustee passed to the trustee, who is vested with the title to so much of the property, or the proceeds thereof, as he now has in his possession or under his control; that he holds the property and its proceeds in trust for the mass of the creditors of the bankrupt; and that the same is subject to his administration as trustee, and to an ultimate distribution in the settlement of the bankrupt's estate. There was filed in the suit on January 8, 1900, a paper designated as "Exhibit X," embracing 28 items of surreys, phaetons, and buggies, with a value attached to each aggregating the sum of $3,445. It does not appear by whom this exhibit was

filed. On the day of its filing the case came on for trial, and the parties by their stipulation in writing waived a jury, and submitted their cause to be tried and decided by the judge, who, after hearing the pleadings, evidence, and arguments of counsel, announced that: "The court finds the issues of fact in favor of the plaintiff. It is therefore ordered, adjudged, and decreed that there be judgment in favor of the plaintiff the J. B. McFarlan Carriage Company and against the defendant Claude H. Solanas, trustee of the bankrupt, Edward C. Fenner, with costs, declaring the plaintiff the J. B. McFarlan Carriage Company to be the owners of the property set forth in Exhibit X, filed herein, as follows,"—setting out the particulars of Exhibit X, as shown in the Exhibit X that had been filed that day, containing 28 items of particular goods, except the extension of the price attached to each item. On February 27, 1900, the plaintiffs presented, to the court their motion, in which they referred to the judgment which had been rendered, decreeing them to be the owners of the property sued for in this action, showing that the judgment is now final, and showing further that pending the trial of the cause the defendant trustee had sold a part of the goods forming the subject-matter of the suit, and received therefor the sum of $819.50, which sum stands in place of the property adjudged to belong to the movers, and that the defendant trustee had turned over and delivered to the movers the property adjudged to be theirs and unsold by him, but that he had refused, and still refuses, to pay over and deliver to the movers the sum received by him from the sale made pending this litigation, and praying for an order that the defendant trustee, Claude H. Solanas, show cause on the 10th of March, 1900, why he should not pay over forthwith to the movers the sum of $819.50. To this motion or rule the defendant trustee on March 10, 1900, answered that in his capacity of trustee he holds the sum of $819.39, subject to the orders of the court, the amount representing the proceeds of the goods of the plaintiffs in rule held by the respondent pending the adjudication by the court of the rights of all parties; that the plaintiffs in rule are liable to contribute their proportion of the insurance premiums upon the property insured after the surrender of Fenner in bankruptcy, and that said proportion of insurance is $37.71; that the plaintiffs in rule are liable to contribute their proportion of the taxes upon the merchandise and stock in trade of the bankrupt; that the whole amount of the taxes was $285, and the assessment for 1898 and 1899 upon the merchandise and stock in trade of the bankrupt was $7,000, the amount of the plaintiffs' goods retained at the time of the surrender in bankruptcy being $2,607.50. The respondent shows that of the amount of the taxes, $67.50 is for the taxes of 1898. He submits to the court the question whether the plaintiffs in rule are liable to contribute to the expense of the administration of the bankrupt's estate, including commissions of the referee and of the trustee. He shows further that the plaintiffs in rule, as third persons whose goods were on the leased premises with their consent at the time of the surrender in bankruptcy, are liable to contribute towards the payment of the rent, and that the amount of that liability can be determined only by ascertaining the rank of the privileged creditors appearing upon the account filed by the respondent, and that that ascertainment can be had only after due notice to all parties, and a hearing of their respective claims in concursu. Wherefore he prays that this rule be dismissed, that a hearing be had to determine the respective rights of the privileged creditors appearing upon the account heretofore filed by the respondent, and for costs and general relief. Thereupon, on the same day, the motion and the answer came on for hearing, and were argued and submitted, when the court took time to consider, and on March 21, 1900, rendered its judgment as follows: "The rule herein taken on February 27, 1900, by plaintiff on the trustee of E. C. Fenner, bankrupt, for the payment of $819.50, having been argued by counsel and submitted, and the court having duly considered the same, it is ordered that the said rule be dismissed; reserving to the plaintiff the right, if it be so advised, to institute proceedings for its protection in the bankruptcy court of this district."

The plaintiffs duly took and perfected their writ of error, and have assigned: (1) The court erred in holding that the bankrupt court was vested with power and authority to control and distribute the fund mentioned in

plaintiffs' rule. (2) The court erred in holding that the creditors of Edward C. Fenner, a bankrupt, had or might have rights or privileges upon the fund, the subject-matter of the rule herein, to be enforced or adjusted, at the instance of the trustee of said bankrupt, in the bankruptcy court, or by said court. (3) The court erred in dismissing said rule, instead of making same absolute. (4) The court erred in holding that the plaintiffs were not entitled to judgment making absolute the rule taken by them on February 27, 1900.

Charles S. Rice and R. B. Montgomery, for plaintiffs in error.

Geo. Denegre, J. P. Blair, W. D. Denegre and Robt. L. Tullis, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge, after stating the case, delivered the opinion of the court.

In addition to the facts above recited from the transcript of the record, we learn from the brief of counsel submitted on behalf of the defendant trustee, that:

"Pending a decision of the suit [intermediate the filing of the petition and the decree], and with the consent of the plaintiffs, sales were made of some of the goods claimed, and the trustee retained the proceeds of said sales to respond to the final judgment of the court. The amount thus retained is $819.39."

It thus appears that the defendant trustee did not receive this sum as trustee of the bankrupt, but as trustee for the parties to the pending suit, and to respond to the final judgment of the court therein. If the property in controversy should be adjudged to be assets of the bankrupt estate, the proceeds of these sales would be held, just as the unsold part of the property would be held by the trustee of the bankrupt, for administration as a part of the bankrupt's estate. If, on the other hand, the judgment of the court should be, as it clearly was, that all of the property in controversy was the property of the plaintiffs, and for which the court gave unqualified judgment in the plaintiffs' favor, with costs against the defendant trustee, it seems clear to us that the obligation of the trustee to turn over the proceeds of the sales thus made by consent was at least as binding on him as his duty to turn over the unsold portion of the goods remaining in his possession. The judge of the circuit court did not place on record any statement of the reasons or conclusions of law which induced him to render the judgment he did on the motion or rule of the plaintiffs. We learn from the brief submitted by counsel for the defendants in error that:

"The judge of the circuit court assimilated this case to a proceeding against a succession representative to determine the amount of a claim against the estate of the deceased, and considered that in such a case the court called upon to determine the claim quoad the administrator or other succession representative would remit the claimant, for the payment of his claim, to the court vested with jurisdiction of the succession. The court considered that it was out of the question to interfere with the court originally acquiring possession of the res, and cited in support of this view the case of Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867."

The fully settled general propositions so clearly stated in Byers v. McAuley are:

"First. It is a rule of general application that, where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court. Second. An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the orders of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any other court." Third. Reviewing Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, the concluding proposition is, in substance, that "a plaintiff, the citizen of another state, may apply to the federal courts to enforce a claim against an administrator arising out of his wrongful administration of the estate; and, if it be objected that other distributees were not made parties, the reply is that it was unnecessary,—that it was a proceeding alone against the administrator and his sureties."

Mr. Justice Brewer quotes from the opinion in Payne v. Hook, where it is said on page 431, 7 Wall., and page 262, 19 L. Ed.:

"The bill under review has this object, and nothing more: It seeks to compel the defendant, Hook, to account and pay over to Mrs. Payne her rightful share in the estate of her brother; and, in case he should not do it, to fix the liability of the sureties on his bond."

Judge Brewer then proceeds:

"There was no suggestion in the bill that the federal court take possession of the estate and remove it from the custody of the administrator appointed by the state court; no attempt to settle the claims of citizens of the state, as between themselves; no attempt to take the administration of the estate, but simply to establish and enforce, in behalf of a citizen of another state, her claim to a share of the estate."

The suit of the plaintiffs in error was an action at law. It presented a case of which the circuit court had jurisdiction by reason of the amount involved and the diverse citizenship of the parties. It is not entirely clear that the district court, under the general jurisdiction in law and equity conferred upon it by the bankrupt law for the purpose of aiding it, as a court of bankruptcy, in the administration of bankrupt estates, could have entertained the plaintiffs' action. And it is fully settled that had the defendant Fenner, prior to the filing of the petition on which he was adjudicated a bankrupt, surrendered the property in question to the plaintiffs, and the trustee had sought to recover it as assets of the bankrupt estate, he could, "by the proposed defendant's consent, but not otherwise," have prosecuted his claim in the district court. The letter of the statute being: "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings had not been instituted, unless by the consent of the proposed defendant" (section 23b),—it is not, as we have already said, entirely clear that, even with the consent of the adverse claimant, the district court could entertain a suit by such claimant seeking to establish his ownership of the property alleged to be wrongfully held by the trustee as assets of the bankrupt estate. But it seems clear that if, with such consent, the district court could entertain jurisdiction over such a suit, that consent must be entirely voluntary, and may not be constrained by orders or action, or the refusal to act, of the circuit court. To apply the language of the opinion in Byers v. McAuley to this case, we note that there is no suggestion in the

petition of the plaintiffs in error that the circuit court take possession of the estate of the bankrupt, or any part of it, and to move it from the custody of the trustee appointed by the court of bankruptcy, and no attempt to take charge of the administration of the estate in bankruptcy, but simply to establish and enforce in behalf of the plaintiffs their ownership and right to the possession of property claimed by them to constitute no part of the bankrupt estate, and therefore in no way subject to be administered by the court of bankruptcy or by the trustee appointed by that court. We do not perceive why the matters presented in the defendants' answer to the plaintiffs' rule might not and ought not to have been set up in answer to the plaintiffs' suit, or why the defendant trustee, having failed to set them up in his answer to the suit, should be now heard to urge them. If there should be any question as to the defenses being legal or equitable, the patent reply is that the circuit court exercises amply both jurisdictions, when properly invoked. The defendant trustee is therefore without excuse on that ground.

We venture to repeat that, by rendering and executing the fullest judgment between the parties to this suit, there could have been no invasion by the circuit court of the jurisdiction of the court of bankruptcy in the administration of the bankrupt estate. The action is not against the bankrupt's estate, but against the trustee only for property claimed to be, and fully shown and adjudged to be, no part of the bankrupt's estate. There is no reason to apprehend that any embarrassment would arise in the execution of the judgment against the trustee. No action that could be taken by the circuit court against him in this suit could disturb or affect his relations to the court of bankruptcy. It is perhaps due the trustee to remark that there is no indication on the face of this record that he will not promptly comply with any order which the court may make on the plaintiffs' rule. The view we have taken of this case requires us to order that the judgment of the circuit court be reversed, and the cause remanded to that court, with directions to make the rule prayed for in the plaintiffs' motion absolute as to the $819.39 admitted by the defendant trustee to be in his hands.

SHELBY, Circuit Judge (dissenting). The plaintiff in error brought suit in the circuit court against "Claude H. Solanas, trustee of the estate of E. C. Fenner, bankrupt," to recover 37 phaetons and surreys. The case was heard before the judge, a jury being waived, and a judgment rendered for the plaintiff. No writ of error is sued out to review that judgment. No objection is made to it. The matter here for review is the judgment of the court on a motion. The motion is not in the record, except as embodied in the following order or rule on the trustee to show cause:

"On motion of Rice & Montgomery, of counsel for John B. McFarlan, Senior, John B. McFarlan, Junior, Charles E. J. McFarlan, William W. McFarlan, and James E. McFarlan, doing business as commercial partners under the name and style of the J. B. McFarlan Carriage Company, plaintiffs herein, and on suggesting to the court that judgment has been rendered herein decreeing your movers to be the owners of the property herein sued for, which judgment is now final, and on further suggesting to the court that

pending the trial of said cause the defendant herein sold a part of the goods and property forming the subject-matter of said suit, and received therefor the price and sum of eight hundred and nineteen $^{50}/_{100}$ dollars, which sum stands in place and lieu of the property adjudged to belong to these movers, and on further suggesting that the defendant, while he has turned over and delivered to your movers the property adjudged to be theirs, and unsold by him, has refused and still refuses to pay over and deliver to movers the sum aforesaid received by him from the sale of certain of said goods and property pending this litigation, and that he is without right in law or otherwise to retain the same, it is ordered by the court that said Claude H. Solanas, trustee of Edward C. Fenner, bankrupt, do show cause, if any he have, on Saturday, the 10th day of March, 1900, why he should not pay over forthwith to movers the said sum of eight hundred and nineteen $^{50}/_{100}$ dollars aforesaid."

This order being served on the trustee, he filed this sworn answer:

"Now into court comes Claude H. Solanas, trustee of E. C. Fenner, bankrupt, and, for answer to the rule taken upon him by the J. B. McFarlan Carriage Company, shows to the court that this respondent, in his capacity of trustee, holds the sum of eight hundred and nineteen and $^{39}/_{100}$ dollars ($819.-39) subject to the orders of the court; said amount representing the proceeds of the goods of the plaintiffs in rule held by respondent pending the adjudication by the court of the rights of all parties. Respondent further shows that plaintiffs in rule are liable to contribute their proportion of the insurance premiums upon the property insured after the surrender of E. C. Fenner in bankruptcy, and said proportion of insurance is $37.71. Respondent further shows that plaintiffs in rule are liable to contribute their proportion of the taxes upon the merchandise and stock in trade of the bankrupt; that the whole amount of said taxes is $285, and the assessment for 1898 and 1899 upon the merchandise and stock in trade of said bankrupt was $7,000, the amount of plaintiffs' goods on hand at the time of the surrender in bankruptcy being $2,607.50. Respondent shows that, of said amount of taxes, $67.50 is for the taxes of 1898. Respondent submits to the court the question whether the plaintiffs in rule are liable to contribute to the expense of the administration of the bankrupt's estate, including commissions of the referee and trustee. Respondent further shows that plaintiffs in rule, as third persons whose goods were on the leased premises with their consent at the time of the surrender in bankruptcy, are liable to contribute towards the payment of the rent, and that the amount of said liability can be determined only by ascertaining the rank of the privileged creditors appearing upon the account filed by respondent, and said ascertainment can be had only after due notice to all parties, and a hearing of their respective claims in concursu. Wherefore respondent prays that this rule be dismissed, that a hearing be had to determine the respective rights of the privileged creditors appearing on the account heretofore filed by respondent, and for costs and general relief.

"Denegre, Blair & Denegre, Attorneys."

Here is the order or judgment made on the trial of the motion, which is here assigned as error:

"March 21, 1900.

"The rule herein taken on February 27, 1900, by plaintiff on the trustee of E. C. Fenner, bankrupt, for the payment of $819.50, having been argued by counsel and submitted, and the court having duly considered the same, it is ordered that the said rule be dismissed, reserving to the plaintiff the right, if it be so advised, to institute proceedings for its protection in the bankruptcy court of this district."

The estate of the bankrupt was in the hands of the trustee, in custody of the bankruptcy court. The suit and motion were against the trustee in his official capacity. The final judgment having been rendered by the circuit court against the trustee in bankruptcy, I think the plaintiffs in the judgment should have been required to apply to the bankruptcy court for all orders relating to its satis-

faction or payment. This is what the circuit court decided. The trustee holds the property subject to the orders of the court that appointed him, just as a receiver in equity holds the trust estate. The judgment creditor of the receiver's trust estate must go with his judgment claim to the court having jurisdiction of the recceivership. Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Beach, Rec. § 713. "Unless," as Mr. Justice Nelson asked in the case cited, "the court be permitted to retain the possession of the fund, thus to administer it, how can it ascertain the interest in the same to which the prosecuting judgment creditor is entitled, and apply it upon his demand?" In Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, the court states the rule which I think is applicable to this case:

"It is a rule of general application that, where property is in the actual possession of a court of competent jurisdiction, such possession cannot be disturbed by process issued out of another court."

This principle is applicable to cases of suits against administrators, assignees, receivers, and all trustees, where the trust estate is in process of administration in a court of competent jurisdiction. Hewett v. Norton, 1 Woods, 68, Fed. Cas. No. 6,441, involved an adverse claim by a third person of property in the hands of the assignee in bankruptcy. Woods, Circuit Judge, held that:

"No other court, and no person acting under any process from any other court, can, without the permission of the bankrupt court, interfere with it; and to so interfere is a contempt of the bankrupt court."

I think the circuit court correctly refused to grant the motion, and that the plaintiff in error was properly required to make the application to the bankruptcy court having jurisdiction of the estate. The bankruptcy court is vested with power to marshal the assets and settle the estate. No part of the assets should be taken from the trustee except by order of the bankruptcy court. It is not sufficient reason for making an exception to the rule that some other court has decided that certain funds held by him as trustee are not really part of the trust estate. When another court interferes, it is always under some claim of right to interfere. If the trustee has received and holds the funds as a part of the trust estate, they are in custodia legis, and only the court having jurisdiction of the trust should make orders as to paying out the fund. The answer to the rule shows that the funds are the proceeds of the sale of property on leased premises, and that under the Louisiana statute they are liable to contribute to the payment of the rent. Personal property belonging to third persons, when it is contained in the leased house by consent of the owner of the property, is affected by the pledge. Rev. Civ. Code La. art. 2707; Goodrich v. Bodley, 35 La. Ann. 525. This lien, being valid under the state law, is valid under the bankruptcy law. McLean v. Klein, Fed. Cas. No. 8,884; In re Bowne, Fed. Cas. No. 1,741; In re Wynne, Fed. Cas. No. 18,117. This defense could only properly be adjudicated by the court having jurisdiction to administer the bankrupt's estate. Other defenses involving similar questions are stated in the

answer. The circuit court has not passed on them. That court properly, I think, held that the matter should be decided and adjusted in the bankruptcy court. Under the decision just made in this court they are not to be decided at all, for the direction to the circuit court is peremptory to enter judgment on the motion, disregarding the defenses.

There are other reasons why I think the judgment cannot be properly reversed. The only errors assigned relate to the judgment of March 21, 1900. The previous judgment was in favor of the plaintiff in error, and no objection is made to that by either party. The judgment complained of is the refusal of the court to grant an order to the trustee to pay the plaintiff in error $819.50. The court declined to make such order, "reserving to the plaintiff the right, if it be so advised, to institute proceedings for its protection in the bankruptcy court of this district." No exception was reserved to this order. No timely objection was made to it. Without such objection and exception, it should not now avail to reverse the case. Wilson v. McNamee, 102 U. S. 572, 26 L. Ed. 234; Mahoney v. O'Leary, 34 Ala. 97. It is not until May 8, 1900, that the record shows that the plaintiff was not content to make the application in the court administering the trust, and then the first objection is shown by filing the petition for a writ of error. Not only is there an absence of a note on the record of any objection to the order, but no bill of exceptions is filed in the case. Motions made in cases at law during the progress of a case, and the rulings of the court granting or denying them, must, in order to be reviewed by an appellate court, be taken up on a bill of exceptions. Wiggins v. Witherington, 96 Ala. 535, 11 South. 539; Fleming v. City of Bainbridge, 84 Ga. 622, 10 S. E. 1098; Berger v. Spalding, 13 La. Ann. 580; Murphy v. Simonds, 14 La. Ann. 322; Kerr v. Clampitt, 95 U. S. 188, 24 L. Ed. 493; Railway Co. v. Warren, 137 U. S. 348, 11 Sup. Ct. 96, 34 L. Ed. 681. The presumption prevails that the circuit court has decided correctly unless the contrary appears from the record. Livingston v. Cooper, 22 Fla. 292. The order or rule recites that it is issued on the motion of counsel for the plaintiff in error, and states what suggestions were made in the motion, but the motion is not otherwise shown in the record. The record contains the trustee's answer to the rule setting up certain defenses, and shows that a hearing was had, and the motion refused. Whether that hearing was on affidavits or oral evidence does not appear. No evidence is shown by bill of exceptions or otherwise. Under such circumstances, this court, I think, should presume that the evidence was such as justified the circuit court in refusing to grant the motion. The opinion of the majority, however, finds error, when the record fails to disclose the evidence on which the court acted; and the case is remanded, not for a new trial, but with peremptory instructions to make an order on evidence not disclosed in the record. This conclusion is wrong, I think, because it requires the circuit court to interfere with the administration or disposition of a fund in the hands of the district court, it ignores the fact that no objection was made or exception taken to the order here complained

of, it disregards the usual presumption in favor of the correctness of the rulings of the trial court, and it dispenses with the necessity for a bill of exceptions in a trial of issues of fact in a case at law. Although the circuit court has both equity and common-law jurisdiction, as is stated in the opinion of the court, this case cannot be considered a case at law for the purpose of review by writ of error, and a case in equity to dispense with the necessity for a bill of exceptions. I think the judgment of the circuit court should be affirmed.