## In re FLORCKEN.

### (District Court, S. D. California. February 18, 1901.)

### No. 1,507.

**1. BANKRUPTCY—APPOINTMENT OF RECEIVERS—POWERS OF REFEREES.**

The jurisdiction of referees to appoint receivers, conferred by Bankr. Act 1898, § 38, subd. 4, is not qualified by subdivision 3, *providing that* they shall exercise the powers of a judge for the taking possession and releasing of the bankrupt's property in the event of the issuance by the clerk of the certificate showing the judge's absence from the judicial district or its division, or his sickness or inability to act, as the last subdivision refers in terms to the powers of the judge, and is obviously the correlative of section 69a, authorizing the judge on proof of specified facts to issue a warrant for the seizure of the bankrupt's property.

**2. SAME.**

General Orders in Bankruptcy, par. 12 (32 C. C. A. xvi., 89 Fed. vii.), provides that "a copy of the order [appointing a referee] shall forthwith be sent by mail to him, or be delivered to him personally by the clerk or other officer of the court, and thereafter all proceedings except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee"; and hence a referee's authority to appoint a receiver dated from the time the order of reference was actually placed in his hands, and not from the time of its signing or filing, and his appointment of a receiver merely on being indirectly informed through a telephone message of the order for his appointment as referee was unauthorized.

On Motion to Vacate Order Appointing Receiver.

E. E. Powers, for bankrupt.

Graves, O'Melveny & Shankland and Lawler & Allen, for certain creditors.

WELLBORN, District Judge. From the evidence submitted on this motion, I am satisfied that the appointment of the receiver was made after the order of reference, but that only a few minutes elapsed between the two, and that the only knowledge or information which the referee had of the latter order was through a message by telephone (not to him directly, but to one of the attorneys of the petitioning creditor) that the order had been made; that the charges against said attorneys that they represented only an inconsiderable claim of 95 cents, and that their application for a receiver was a trick and subterfuge, are untrue. There is no question, however, but that said attorneys were waiting in an office adjoining or near that of the referee for a message by telephone announcing the order of reference, for the purpose of immediately presenting an application for a receiver, and that this plan was adopted, in part, at least, to forestall any similar application from other creditors. Such precipitancy, even where the facts warrant a receiver, is wholly inconsistent with just and orderly procedure, and cannot be looked upon by this court otherwise than with disapproval. Where the exigencies of a case in bankruptcy require a receiver, and there are conflicting interests seeking the appointment, the officer, whether judge or referee, who is to exercise the high chancery power invoked, ought to know of the situation, to the

107 F.—16

end that he may act advisedly and with due regard to the rights of all parties. The question whether or not the referee had jurisdiction in this particular instance will now be considered:

Courts of bankruptcy have general equity jurisdiction, under section 2 of the bankrupt act, to appoint receivers. In re Fixen (D. C.) 96 Fed. 748. And this jurisdiction, as hereinafter shown, is distinct from and independent of the power conferred upon the judge by section 69 of said act to issue warrants of seizure against the bankrupt's property. By a rule of this court promulgated May 19, 1900, referees are vested with all the powers which it is possible for them to exercise under the bankrupt act. What is the potential jurisdiction of referees under said act? Section 38, subd. 4, provides that:

"Referees respectively are hereby invested * * * with jurisdiction to * * * (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

Does the act, in any of its other provisions, qualify the power of a referee to appoint receivers? It is insisted that it does, and that such a qualification is implied in subdivision 3 of section 38, which provides that referees shall—

"Exercise the powers of the judge for the taking possession and releasing of the property of the bankrupt in the event of the issuance by the clerk of a certificate showing the absence of a judge from the judicial district, or the division of the district, or his sickness, or inability to act."

This last subdivision, however, refers in terms to the powers of the judge, and therefore does not restrict subdivision 4, already quoted, but is obviously and simply the correlative of section 69a, which is as follows:

"A judge may, upon satisfactory proof, by affidavit, that a bankrupt against whom an involuntary petition has been filed and is pending has committed an act of bankruptcy, or has neglected, or is neglecting, or is about to so neglect his property that it has thereby deteriorated in value, issue a warrant to the marshal to seize and hold it subject to further orders. Before such warrant is issued the petitioners applying therefor shall enter into a bond in such an amount as the judge shall fix, with such sureties as he shall approve, conditioned to indemnify such bankrupt for such damages as he shall sustain in the event such seizure shall prove to have been wrongfully obtained. Such property shall be released, if such bankrupt shall give bond in a sum which shall be fixed by the judge, with such sureties as he shall approve, conditioned to turn over such property, or pay the value thereof in money to the trustee, in the event he is adjudged a bankrupt pursuant to such petition."

In this connection, see Coll. Bankr. (3d Ed.) 266, 267; Loveland, Bankr. pp. 96, 287, note 3; In re Carter, 1 Nat. Bankr. N. 162.

If there was nothing in the pending motion other than the questions to which I have adverted, I should have no difficulty in holding that the appointment of the receiver in the case at bar was clearly within the jurisdiction of the referee; but there is another controlling matter, which seems to have escaped the attention of counsel on both sides, namely, paragraph 12 of the general orders in bankruptcy (32 C. C. A. xvi., 89 Fed. vii.) which, concerning the order of reference, provides that:

"A copy of the order shall forthwith be sent by mail to the referee, or be delivered to him personally by the clerk or other officer of the court. And thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee."

Thus it will be seen that the authority of the referee dates from the time the order of reference is placed in his hands, not from the time of its signing or filing. The phraseology "forthwith be sent by mail to the referee" includes delivery as well as mailing, so that, whether the copy of the order of reference be sent by mail or delivered personally, the jurisdiction of the referee attaches only from the time of its receipt by him. The necessity for General Order No. 12 (32 C. C. A. xvi., 89 Fed. vii.) becomes manifest when we consider that a case may be referred generally to the referee, or specially, with only limited authority. Bankr. Act, § 22. How can the referee know the extent of his authority until the order of reference is before him? The receiver in the case at bar was appointed before the order of reference was delivered to the referee, and therefore the latter's jurisdiction had not attached. For this reason said appointment is vacated and set aside. As the case has been referred generally, I will not act upon either of the applications for a receiver, but the referee will dispose of them, and otherwise proceed in the case under the order of reference already made.