## Staunton

### KILGORE V. BARR, TRUSTEE.

September 9, 1912.

Absent, Cardwell, J.

1. BANKRUPTCY—*Jurisdiction of Federal Courts.*—The Federal courts of bankruptcy are not courts of limited but of general jurisdiction in respect to matters in bankruptcy.

2. BANKRUPTCY—*Findings of Referee—United States District Courts—Jurisdiction.*—Where a referee in bankruptcy decides that an assignment of a debt by a bankrupt constitutes a voidable preference, and the adverse claimants, without questioning the jurisdiction of the referee, except to his finding on the merits, and petition the District Court of the United States to review and reverse his order, that court has jurisdiction to determine the issue thus voluntarily submitted to it for its adjudication, and its decision is final and conclusive upon the parties.

3. APPEAL AND ERROR—*Objections for First Time—Bankruptcy.*—In an action by a trustee in bankruptcy to recover a debt which the referee in bankruptcy has decided belonged to the estate of the bankrupt, and not to the assignee of the debt, objection cannot be made in this court for the first time that the referee was without authority to act in the premises, where it appears that his jurisdiction was not questioned at the time he acted, but was in fact admitted by filing a petition in the district court to have his decision reversed on the merits.

4. BANKRUPTCY—*Jurisdiction—Consent.*—The principle that consent cannot give jurisdiction of the subject matter of litigation has no appliaction to cases arising under section 23-b of the Bankruptcy Act of 1898, which plainly implies that jurisdiction of certain classes of controversies may be given by consent.

Error to a judgment of the Circuit Court of Wise county in an action of debt by E. L. Barr, trustee in bankruptcy of the estate of D. A. Ramey against Charles T. Kilgore,

on a note made by said Kilgore payable to D. A. Ramey. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

*E. M. & E. H. Fulton,* for the plaintiff in error.

*Vicars & Peery,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error was awarded to a judgment in behalf of E. L. Barr, trustee in bankruptcy of D. A. Ramey, bankrupt, against Charles T. Kilgore on his note to Ramey for $373.21. The note was assigned by the payee to R. L. Kilgore for the benefit of the Wise County Bank, and two days after the assignment Ramey filed his petition in bankruptcy.

At a meeting of creditors before the referee for the purpose of examining the bankrupt, the question was raised as to whether or not Charles T. Kilgore's note passed, by the assignment, to R. L. Kilgore, or constituted an asset of the bankrupt's estate. To that proceeding the Kilgores were made parties on their own motion. They were represented by counsel, and, along with other witnesses, were fully examined in support of their contention. They undertook to sustain the validity of the assignment by proving an alleged parol agreement between themselves and Ramey, more than four months before the filing of his petition in bankruptcy, by which a store account due by Charles T. Kilgore to Ramey was to be applied as a credit on a note to the Wise County Bank, made by Ramey as principal and indorsed by the Kilgores; and that in pursuance of that agreement and for the purpose of carrying it into effect, the note in controversy was made by Charles T.

Kilgore and assigned by Ramey to R. L. Kilgore, to be collected by him and applied in part payment of the bank debt.

The referee, on consideration of the controversy upon the merits, overruled the pretension of the Kilgores and held that the assignment was a voidable preference, and that the note did not pass thereby, but belonged to the bankrupt's estate. It was, accordingly, surrendered by the assignee to the trustee in bankruptcy, who was directed to collect it as an asset of the estate. Thereupon, Charles T. Kilgore and R. L. Kilgore filed an exception in writing to the ruling of the referee and presented a petition to the district court to review and reverse his order; but the finding of the referee was approved and confirmed.

The sole question for our consideration is whether the bankruptcy court had jurisdiction to determine the issue thus voluntarily submitted to it for adjudication. If it had, it is clear that its judgment was a complete determination of the matter in controversy, establishing the title of the trustee to the note and the liability of the maker theron.

In discussing the subject of jurisdiction of referees in bankruptcy, Professor Staples, in his excellent work, "A Suit in Bankruptcy," observes (page 102) : "In general, referees are judicial officers, and their orders made in the course of bankruptcy, including adjudications upon allowance and rejection of claims of creditors, are entitled in all courts, state and federal, to the respect and credit due to officers who act judicially (*Clendening* v. *Red River Bank*, 11 Am. B. R. 245). [12 N. D. 51, 94 N. W. 901.] Except when otherwise provided in the statute, the word 'court' may include 'referee' and, subject to such limitation, the jurisdiction of the referee is commensurate with that of the court by which he is appointed. *In re Huddleston*, 1 Am. B. R. 572."

*Idem.,* pp. 103, 104: "The power of the bankruptcy courts to take possession of or release the bankrupt's property has already been considered (pp. 93, 97). That power may be exercised by the referee before adjudication in only one case, and that is on 'the issuance by the clerk of a certificate showing the absence of a judge from the judicial district, or his sickness or inability to act (Acts 1898, sec. 38, subdiv. 3; *In re Floreken* [D. C.], 107 Fed. 241, 5 Am. R. 802). After adjudication he can act with reference to said property, under the provisions of section 38, subdivision 4. *  *  .*  With the exception of questions arising out of applications of bankrupts for *composition* or discharges, it is believed that the court has no power over the bankruptcy proceedings, that it may not, by reference, delegate to the referee, and his power would seem to be limited only by the terms of the reference. * * * Generally the district courts have formulated and adopted a rule by which the referees are empowered 'to do all acts and take all proceedings, make all orders and decrees, and perform all duties,' without specific delegation, which the courts are authorized to delegate by the act or the rules of the supreme court to empower the referees to perform."

P. 105: "The orders of the referee upon all questions are subject to review by the court." Sec. 38.

Let it be conceded, as a general proposition, that where the judgment of a court of limited powers is relied on, its jurisdiction must be shown; nevertheless, we do not admit the pertinency of that principle to courts of bankruptcy, which are not courts of limited but of general jurisdiction, in respect to matters in bankruptcy. But whether the mere failure of the record to show the clerk's certificate, or an order of reference, general or special, to a referee in bankruptcy in relation to a subject, over which he has jurisdiction, renders his judgments amenable to collateral attack need not be here determined. The circumstance that

the plaintiff in error raised no objection to the jurisdiction of the referee, but invoked and submitted himself to that jurisdiction, and afterwards sought to review and reverse the decision on the merits on appeal might, perhaps, be regarded a tacit admission that the matter was properly pending before that officer for adjudication. But it is not necessary in this instance to resort to inference merely on that subject. In the petition for appeal from the order of the referee to the district court, it was expressly conceded that the controversy arose in a proceeding in bankruptcy pending before D. F. Bailey, Esq., the referee in charge thereof, at a meeting of creditors and examination of the bankrupt and other witnesses. And the error assigned was not that the matter had not been referred to the referee, or that he had no jurisdiction of the controversy, but that his ruling thereon upon the merits, or the law and the evidence, was erroneous, for which error (to which exception was specifically taken) the court was asked to review and modify the order of the referee, but not to dismiss the proceeding for want of jurisdiction. A similar admission was made in open court at the trial in the circuit court. These admissions are inconsistent with the contention now made for the first time in this court, that the matter, out of which the controversy arose, does not appear to have been referred to the referee. If any such question had been suggested in the trial court, proof of the authority of the referee to act in the premises would, no doubt, have been promptly supplied.

The case of *In re Steuer* (D. C.), 104 Fed. 976, is strongly in point in support of the referee's jurisdiction. In that case it is said: "Evidence was taken and one or more hearings were had before the referee, at which counsel for the respondents argued their case without making any question of the referee's jurisdiction. On January 12, 1900, the referee rendered a decree declaring that the

transfer of the brick was a voidable preference, 'and that the trustees recover said property * * * as a part of said estate.' " Upon appeal, the court held the acts of the defendant amounted to consent to the jurisdiction in contemplation of section 23-b of the bankruptcy act of 1898, and affirmed the order of the referee.

So, also, *In re Connolly* (D. C.), 100 Fed. 620, it was held that the conduct of the parties amounted to consent to the jurisdiction; that though, as a general rule, consent cannot give jurisdiction, that principle has no application to cases arising under section 23-b, which plainly implies that jurisdiction of a certain class of controversies may be given by consent. Otherwise, it is said, the statute would have no effect. I. Remington on Bankruptcy, sec. 1696; *J. B. McFarlan Carriage Co.* v. *Solanas,* 106 Fed. 145, 45 C. C. A. 253, 5 Am. Bankr. Rep. 442, 5 Cyc. 263.

There can be no doubt that if the decision of the referee, affirmed by the district court, in the instant case had been in favor of the plaintiff in error, it would have been conclusive upon the rights of the trustee. And the plaintiff in error, having elected to take chances, in a forum of his own selection with general jurisdiction of the subject, and lost, he cannot now be heard to complain, but must abide the result.

The judgment of the circuit court is without error and must be affirmed.

*Affirmed.*