BENNETTE v. LEWIS et al. (No. 6986.)

(Court of Civil Appeals of Texas. Galveston. May 5, 1915. Rehearing Denied May 20, 1915.)

1. BANKRUPTCY ⬤═►295 — ACTION AGAINST TRUSTEE—JURISDICTION—BANKRUPTCY ACT.
Under Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1913, § 9607]) § 23, providing that the United States Circuit Courts ɪ 'null have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants, concerning property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and the controversy had been between the bankrupt and the adverse claimant, where plaintiff had constructive possession of land from which defendant trustee in bankruptcy was attempting to cut timber, the district court of the county, and not the United States court, had exclusive jurisdiction to determine the rights of the parties to the timber under a contract between the bankrupt and plaintiff, since the only exception to the rule of the act is where the trustee holds actual possession of the bankrupt's property, in which case suits concerning it may be determined by the United States court having jurisdiction of the proceedings in bankruptcy.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 414, 417; Dec. Dig. ⬤═►295.]

2. BANKRUPTCY ⬤═►293 — ACTION AGAINST TRUSTEE — JURISDICTION — POSSESSION OF LAND—PLEADING.
In a suit against a trustee in bankruptcy to restrain such trustee from cutting timber from land formerly of the bankrupt, where plaintiff alleged that he was the owner of the timber and of the land, having purchased from the bankrupt and received a deed of general warranty, and that defendant trustee was claiming the right to cut and remove such timber under a contract unenforceable because without consideration, the petition could not be construed to allege that the timber was in the possession of the bankrupt or the trustee, so as

to give the bankruptcy court jurisdiction to determine the respective claims thereto.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. ⬤═►293.]

Appeal from District Court, Montgomery County; L. B. Hightower, Judge.

Action by J. O. H. Bennette against J. W. Lewis, as trustee in bankruptcy of the firm of Banks Griffith & Son, and others. From a judgment dissolving a temporary injunction, plaintiff appeals. Reversed and remanded.

J. Llewellyn and Howard Bennette, both of Conroe, for appellant. W. N. Foster, of Conroe, for appellees.

PLEASANTS, C. J. This appeal is from a judgment of the district court of Montgomery county dissolving a temporary injunction theretofore issued by order of the judge of said court in a suit brought by appellant against the appellees, J. W. Lewis, Banks Griffith & Son, Jesse Pitts, and O. N. Puckett, and dismissing plaintiff's suit. Plaintiff's petition alleges, in substance, that the defendants Banks Griffith & Son, a firm composed of Banks Griffith and M. E. Griffith, were on the ——— day of August, 1914, adjudged bankrupt by the United States District Court for the Southern District of Texas, and defendant John W. Lewis was the duly and legally elected and qualified trustee for said bankrupt estate; that plaintiff is now, and has been continuously since the 1st day of May, 1913, the sole owner and entitled to the possession of a tract of 1,100 acres of land on the Wm. S. Allen league in Montgomery county and all of the timber then and now standing and growing thereon, said tract being fully described in a deed from Banks Griffith & Son to plaintiff, which deed, as it appears of record in the deed records of Montgomery county, is referred to for an accurate description of said land; that before plaintiff purchased the land from Banks Griffith & Son, M. R. Talley had acquired from said Griffith & Son the right to cut and remove the merchantable pine timber growing thereon, for a period of five years, expiring on May 1, 1913, and that plaintiff purchased said land subject to the right of Talley to cut and remove said timber for said period of five years; that by the terms of contract between Griffith & Son and said Talley all of the timber not removed within said five-year period reverted to said Griffith & Son and their assigns, and plaintiff by his purchase of the land became the owner of the timber on May 1, 1913; that prior to said date, and after the sale of land to plaintiff, Griffith & Son purchased from Talley his right to cut and remove the pine timber from said land, and about the 1st day of May, 1913—
"applied to this plaintiff for a contract granting them additional time within which to cut and remove the balance of said timber; that thereafter, and on, to wit, ——— day of October,

1913, the following purported contract in words and figures was executed by said parties:

"The State of Texas, County of Montgomery. Know all men by these presents: That this agreement made and entered into by and between Banks Griffith & Son, a firm composed of Banks Griffith and Morrison Griffith, parties of the first part, and J. O. H. Bennette, party of the second part, witnesseth: That whereas the parties of the first part were the owners of the pine timber ten inches in diameter and over, standing and growing on the hereinafter described land, with a time limit for the removal thereof, which said time limit has expired and thereby vested title thereto in the party of the second part, but it being the desire of the parties hereto to extend the time limit for the removal of said timber on that portion of the land hereinafter mentioned for two years from May 1st, 1913: Therefore, in consideration of the premises, and the sum of one dollar to him in hand paid by the party of the first part the party of the second part hereby gives and grants to said first parties the right to enter upon and remove all pine timber —— inches and over, for a period of two years from May 1, 1913, off of and from that portion of the tract of eleven hundred acres of land out of the Wm. S. Allen league in Montgomery county, Texas, lying west of the Willis and Conroe public road, said eleven hundred acres being the same purchased by second party from first parties, the portion thereof affected hereby being that lying west of said public road. Title to all said timber not removed within said period shall revert to and vest in second party. Right of ingress and egress over and upon said land, with privilege of placing thereon and right of removal therefrom all improvements necessary to cut, handle and remove said timber are hereby given.

"Witness our hands this the —— day of October, 1913.

"[Signed]  Banks Griffith.
"                      Morrison Griffith.
"                      'J. O. H. Bennette.'

"That the value of said timber standing and growing on said tract of land on or about said 1st day of May, 1913, and said —— day of October, 1913, of the dimensions above mentioned not cut and removed, was about $5,000 and the two years mentioned in said contract above set out was ample time within which to cut and remove the same.

"That the $1 mentioned in said contract above set out as paid by Banks Griffith & Son to the said J. O. H. Bennette was in fact never paid; that there was no consideration whatever of any kind, present or future, contingent or otherwise, moving from the said Banks Griffith & Son to the said plaintiff for the rights and privileges by him, the said Bennette, attempted to be parted with under said contract aforesaid; that the same was wholly without benefit or consideration to him, the said Bennette, was and is unilateral and without mutuality, and for each and all of said reasons it is therefore void, and the said Banks Griffith & Son and the said trustee in bankruptcy took no rights or have any rights thereunder.

"That the defendant J. W. Lewis, trustee in bankruptcy, as aforesaid, is asserting some claim and right in and to said timber aforesaid under said purported contract above set out, and is now attempting to cut and remove said timber to plaintiff's damage. The said Jesse Pitts and O. N. Puckett, as agents for and acting under the direction of the said trustee, are attempting to cut and remove said timber above described.

"Wherefore, premises considered, plaintiff prays that the defendants be cited in terms of law to appear and answer this suit, and that upon a final hearing hereof said purported contract above set out be declared void, be set aside and held for naught, and that the plaintiff have judgment for the title of said timber above described; that he be quieted in his title thereto and writ of possession issued according to law; and he further prays that your honor issue writ of injunction enjoining and restraining the defendants, their agents or representatives, from cutting and removing said timber from the said tract of land herein described, and for all costs of suit and for such other and further relief, both general and special, that he may be able to show himself entitled to under the laws and facts of this case as in duty bound he will ever pray."

A temporary injunction was granted by the district judge in chambers, on November 28, 1914, in accordance with the prayer of the petition. On January 27, 1915, the defendant filed an answer, containing a general demurrer and the following special exceptions:

"Second. This defendant specially excepts to said amended petition, and says this court ought not to take cognizance of the matters and things alleged in said petition, because it appears from said petition that this defendant J. W. Lewis, trustee, claims title to and possession of the timber described in said petition and the right to cut and remove the same as an officer of the United States District Court for the Southern District of Texas, by virtue of his election and appointment as trustee of the estate of Banks Griffith & Son, bankrupts; it further appearing that the estate of said bankrupts is in course of administration by said United States District Court, and of this defendant prays judgment.

"Third. This defendant excepts further · to plaintiff's said petition, and says this court ought not take cognizance of the matters and things therein alleged, because said petition shows on its face that this defendant is in custody of the timber described in said petition in his capacity of trustee and agent of Banks Griffith & Son, bankrupts, acting under orders of the United States District Court for the Southern District of Texas, and because any action of this court dealing with the subject-matter would be an interference with the jurisdiction of said United States District Court for the Southern District of Texas.

"Fourth. This defendant further specially excepts to said petition, and says this court ought not to take cognizance thereof because it appears from the face of said petition that the bankrupts, Banks Griffith & Son, and Banks Griffith and Morrison E. Griffith, prior to, and at the time of, their adjudication of bankruptcy had, prima facie at least, title to the timber described in said petition, together with the right to cut and remove the same, and that such title and rights prima facie vested in this defendant as trustee upon such adjudication of bankruptcy, and because it further appears from the face of said petition that the adverse claim now asserted by plaintiff is a controversy arising in bankruptcy which should be determined by said United States District Court for the Southern District of Texas, in which said proceedings are pending, and of this prays judgment.

"Fifth. This defendant further says that this court ought not to take cognizance of this case, because it appears from the face of plaintiff's said amended original petition that this defendant and his agents and servants, to wit, O. N. Puckett and Jesse Pitts, acting under and by authority of the United States District Court for the Southern District of Texas, were in possession of the timber described in plaintiff's said petition, and were actively engaged in cutting and removing the same, that is to say, it appears that this defendant and his servants and agents were actively engaged in the administration of the estate of the bankrupt, Banks Grif-

fith & Son, at the time of the issuance of your honor's writ of injunction in this cause, and because it therefore appears that said property and rights were in custodia legis, and under active administration by said United States District Court, and because it, therefore, appears that any action of this court dealing with said timber and the rights and duties of this trustee in connection therewith would be an interference with the due and orderly administration of said United States District Court.

"Of all the foregoing exceptions to the jurisdiction of this court this defendant prays judgment, and that this court sustain the same and dismiss this case from the docket of this court."

These exceptions were heard and sustained by the court on January 29, 1915, and plaintiff declining to amend, the temporary injunction theretofore issued was dissolved and the suit dismissed.

[1] Section 23 of the bankruptcy law is as follows:

"The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." Fed. Annoted Statutes, vol. 1, p. 590.

This statute is unambiguous, and by its terms limits the jurisdiction of the United States court in contests of this kind to cases of which said court would have had jurisdiction if the suit had been brought against the bankrupt. It goes without saying that if no bankruptcy proceedings were pending and this suit had been brought against Banks Griffith & Son it could have only been brought in the district court of Montgomery county, where the defendant resides and the subject-matter of the suit is situate.

The only exception to this rule which could, in any way, affect the jurisdiction of the district court of Montgomery county to hear and determine this case is that a suit by an adverse claimant of property in the actual possession of the trustee in bankruptcy, received and held by him as part of the bankrupt estate, should be brought in the court in which the bankruptcy proceedings are pending. In such case the property in the actual possession of the trustee is regarded as in the custody of the court in which the bankruptcy proceedings are pending, and the rule of comity between courts of concurrent jurisdictions forbids that this custody be interfered with by any other court assuming jurisdiction to determine the question of the ownership and right of possession of the property.

[2] We do not think plaintiff's petition can be construed as alleging that the timber, the cutting and removal of which is sought to be enjoined, was in the actual possession of the bankrupt at the time of the adjudica-tion of bankruptcy, or is now in the actual possession of the trustee in bankruptcy. On the contrary, the allegations are that plaintiff is the owner of the timber and of the land upon which it is growing, having purchased said land from the bankrupt and received a deed of general warranty thereto. These allegations show that plaintiff is in constructive possession of the land and the timber growing thereon.

The allegations are further, in substance, that the defendant trustee is asserting claim to said timber and the right to cut and remove it from the land under a contract which is unenforceable because it is unilateral and without consideration. If the allegations of the petition are true, defendants have no rights under this contract, and their claim thereunder could not give them constructive possession of the timber. The allegations that the defendants are "attempting to cut and remove the timber" cannot, we think, by any.reasonable construction, be held to mean that they have taken and are holding possession of plaintiff's land for the purpose of cutting and removing the timber therefrom, and in no other way could they take actual possession of the growing timber. We do not think the rule of comity between courts would be infringed upon by the court below enjoining the defendant trustee and his agents from entering upon plaintiff's land and cutting and removing the timber therefrom pending the determination by the court of the validity of the contract under which said defendant claims. Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Harris v. Bank, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528; McFarland Carriage Co. v. Solanas, 106 Fed. 145, 45 C. C. A. 253; In re Rathman, 183 Fed. 913, 106 C. C. A. 253.

It follows from these conclusions that the judgment of the court below should be reversed and judgment here rendered, reinstating said temporary injunction and remanding the cause for trial upon its merits.

Reversed and remanded.